**Rocco GALIOTTI and Alice T. Galiotti, Plaintiffs,**

v.

**The TRAVELERS INDEMNITY COMPANY, a corporation of the State of Connecticut, Defendant.**

Superior Court of Delaware, New Castle.

Feb. 11, 1975.

Gerald Z. Berkowitz, of Knecht, Greenstein & Berkowitz, Wilmington, for plaintiffs.

Frederick W. Iobst, of Young, Conaway, Stargatt & Taylor, Wilmington, for defendant.

## OPINION ON MOTION FOR ATTORNEY'S FEES

TAYLOR, Judge.

Plaintiffs have recovered judgment against defendant for damages to their automobile caused by an automobile accident. Plaintiffs' claim was based upon an insurance policy entitled "The Travelers Personal Automobile Policy" issued to plaintiffs under which defendant undertook, inter alia, to "pay for loss caused by collision to the owned automobile . . . .".

Plaintiffs seek an award of attorney's fees pursuant to 18 Del.C. § 4102.

18 Del.C. § 4102 provides:

"The court upon rendering judgment against any insurer upon any policy of property insurance, as 'property' insurance is defined in section 904 of this ti-

tle, shall allow the plaintiff a reasonable sum as attorney's fees to be taxed as part of the costs."

The definition of "property insurance", found in 18 Del.C. § 904, and incorporated by reference in the above section, is as follows:

"... insurance on real or personal property of every kind and of every interest therein against loss or damage from any and all hazard or cause, and against loss consequential upon such loss or damage, other than noncontractual legal liability for any such loss or damage. Property insurance does not include title insurance, as defined in section 908 of this chapter."

Plaintiffs' automobile is, of course, personal property, and the coverage involved here was against loss or damage to that property.

■ Defendant argues, however, that the insurance involved here was not in reality "property insurance", but rather was "casualty insurance" as defined in 18 Del.C. § 906, and specifically under the sub-category of "vehicle insurance" thereunder. Accepting the position that the policy between defendant and plaintiffs qualifies as vehicle insurance under the general category of casualty insurance, this, alone, does not preclude the possibility that insofar as the insurance protects against loss or damage to the personal property, it is precluded from being property insurance within the meaning of 18 Del.C. § 904. 18 Del.C. § 901 recognizes the probability that certain insurance coverages may come within the definitions of two or more kinds of insurance as defined in 18 Del.C. Chapter 9. In such case, it provides that "the inclusion of such coverage within one definition shall not exclude it as to any other kind of insurance within the definition of which such coverage is likewise reasonably includable." I conclude that to the extent that the insurance policy issued by defendant provides insurance protection of the

type defined in 18 Del.C. § 904, such coverage is to be considered property insurance, and as such, is entitled to the benefits of 18 Del.C. § 4102. Conversely, to the extent that such coverage does not qualify under 18 Del.C. § 904, it is not entitled to the benefits of 18 Del.C. § 4102. I find nothing in the statute which precludes the commingling of insurance coverage as contemplated by § 904 with insurance coverage as contemplated by other sections of that chapter, and hence, nothing which would require that property insurance coverage be a separate policy from other types of insurance coverage.

■ Defendant contends that since the phrase "qualified property" as used in 18 Del.C. § 4103 refers to "all real and tangible personal property at fixed locations", this should be considered as a limitation on the applicability of 18 Del.C. § 4102. The fallacy of this argument is that § 4102 does not use the term "qualified property", nor does 18 Del.C. § 904, to which § 4102 makes specific reference. Moreover, the definitions of § 4103 are specifically confined to sub-chapter 2 of Chapter 41, while § 4102 is found in sub-chapter 1 of Chapter 41. It should be noted also that 18 Del.C. § 4102 is not confined to insurance of the types referred to in that chapter, but rather refers to any policy of property insurance as defined in § 904.

■ Next, defendant contends that this provision should be confined to personal property at a fixed location because the prior statutory provision for allowance of attorney's fees, 18 Del.C. §§ 1102, 1103 and 1105, applied only to insurance policies covering real property and blanket insurance policies covering real and personal property. The statutory history shows that the concept of allowance of attorney's fees has undergone progressive expansion. Initially, it applied only to real property coverage. See Revised Code of Delaware, 1935, § 511, Chapter 20, § 50. This was amended in 1945 to include blanket coverage of real and personal property. 45 Del-

aware Laws, Chapter 81. The present language was adopted effective in 1968 by 56 Delaware Laws, Chapter 380. I conclude that the changes in statutory language were made for the purpose of expanding the availability of attorney's fees. Hence, the historic precedents do not limit the present provision.

Next, defendant contends that plaintiffs should not be awarded counsel fees because they failed to avail themselves of the arbitration provision found in the policy. The Delaware Supreme Court has held in Maryland Casualty Company v. Hanby, Del.Supr., 301 A.2d 286 (1973), that where an insurance policy contained a provision that in the event of a dispute over the amount of the loss the matter would be submitted by the parties to arbitration, allowance under 18 Del.C. § 4102 is barred by failure to comply with arbitration where the insurer sought arbitration.[1]

 Defendant relies upon the following provision in the insurance policy as the basis for applying *Hanby*:

"If the insured and the company fail to agree as to the amount of loss, either may, within 60 days after proof of loss is filed, demand an appraisal of the loss. In such event the insured and the company shall each select a competent appraiser, and the appraisers shall select a competent and disinterested umpire. The appraisers shall state separately the actual cash value and the amount of loss and failing to agree shall submit their differences to the umpire. An award in writing of any two shall determine the amount of loss. The insured and the company shall each pay his chosen ap-

praiser and shall bear equally the other expenses of the appraisal and umpire.

"The company shall not be held to have waived any of its rights by any act relating to appraisal."[2]

The Court recognizes that a provision allowing an award of attorney's fees to be assessed against an adversary should not be extended beyond the clear import of the statutory provision. Honaker v. Farmers Mutual Insurance Company, Del.Super., 313 A.2d 900 (1973). However, *Hanby* did not rest upon the wording of the statute, but rather upon the application of public policy. It does not follow that the public policy which barred a party from receiving attorney's fees where the litigation resulted from the unilateral avoidance of an arbitration provision over the protest of the opposing party would apply in the case of a bilateral avoidance of such a provision. In this case, unlike in *Hanby*, it does not appear that defendant ever sought to invoke that provision. By way of contrast, in *Hanby*, the insurer did invoke the provision and pursuant to its efforts the matter proceeded to an appraisal and an award thereunder. Here, it does not appear that the insurer even called the provision to plaintiffs' attention or urged that it be followed. Here, both parties have permitted the controversy to proceed to litigation and judgment without invoking the appraisal provisions. Therefore, they cannot now invoke the protection of that provision.[3]

 Finally, defendant argues that it had a reasonable basis upon which to dispute the amount of the loss and therefore it should not be assessed attorney's fees under 18 Del.C. § 4102. The literal terms

---

1. The specific language of the policy which the Court was considering is found in Hanby v. Maryland Casualty Company, Del.Supr., 265 A.2d 28, 30 (1970).

2. An arbitration clause not unlike that involved in *Hanby* appears in the policy, but by its terms is not applicable to the portion of the policy relating to the collision coverage.

3. Although the parties have not addressed themselves to the meaning or effect of the last sentence of the provision and, hence, the Court has not given any effect to it, the Court observes that the language may cast some doubt upon the binding nature of the provision even if properly invoked.

of the section make it mandatory that where a judgment is rendered against an insurer upon a policy of property insurance the Court shall allow reasonable attorney's fees to plaintiffs. Nothing in the statute indicates a legislative intent to confine such award to instances where an insurer has taken an unreasonable position. While, as it was indicated in Henlopen Hotel Corporation v. Aetna Insurance Company, D.Del., 38 F.R.D. 155, 159 (1965), a provision of this sort may have been the product of wilful and obstructive tactics of insurance companies in the past, the legislature has seen fit to allow the insured attorney's fees without regard to the good faith of the insurer's position in a particular instance.[4] This form of deterrence to non-payment of claims for loss of insured's property has been upheld as valid legislation. Brandywine Shoppe, Inc. v. State Farm Fire & Casualty Co., Del. Super., 307 A.2d 806 (1973).

I conclude that plaintiffs are entitled to an allowance of attorney's fees pursuant to 18 Del.C. § 4102. Plaintiffs should formalize their request for attorney's fee and thereafter the attorneys for plaintiffs and defendant should confer with the Court concerning whether or not a hearing should be held on the amount of the fee.

---

4. In this instance, it is noted that the verdict against the insurer exceeded the sum offered by insurer by over 70%.