William C. WOODWARD and Christine L. Woodward, Plaintiffs Below, Appellants,

v.

FARM FAMILY CASUALTY INSURANCE COMPANY, a foreign corporation, Defendant Below, Appellee.

No. 439, 2001.

Supreme Court of Delaware.

Submitted: March 5, 2002.
Decided: April 25, 2002.

Scott E. Chambers, Schmittinger & Rodriguez, P.A., Dover, for appellants.

Jeffrey A. Young, Young & Young, Dover, for appellee.

Before VEASEY, Chief Justice, WALSH, HOLLAND, BERGER and STEELE Justices, constituting the Court en Banc.

HOLLAND, Justice:

This is an appeal from the Superior Court's ruling granting the defendant-ap-

pellee's, Farm Family Casualty Insurance Company ("Farm Family"), Motion for Summary Judgment against the plaintiff-appellants, William C. and Christine L. Woodward ("Woodwards"). The Woodwards' claim arose out of alleged structural and cosmetic damage sustained by their home from the vibration of heavy equipment used in the construction on Route 1 near Odessa, Delaware. The Woodwards filed a complaint in the Superior Court alleging that Farm Family breached its contractual obligations by denying insurance coverage for their alleged damages.

In its answer to the Woodwards' complaint, Farm Family asserted the affirmative defense that the complaint was barred by the two-year statute of limitations in title 10, section 8107 of the Delaware Code. In its amended answer, Farm Family raised the affirmative defense of a one-year limitations period contained in the insurance contract. Farm Family subsequently filed a Motion for Summary Judgment.

The Superior Court granted Farm Family's Motion for Summary Judgment. It dismissed the Woodwards' complaint on the basis of the one-year limitations provision set forth in their homeowner's insurance policy. The Woodwards' Motion for Reargument was denied.

In this appeal, the Woodwards argue that the Superior Court erred, as a matter of law, for two reasons when it granted Farm Family's Motion for Summary Judgment. First, the Woodwards submit that the language regarding the one-year limitations period contained in the insurance contract was ambiguous and, pursuant to the doctrine of *contra proferentem*, must be construed in favor of them as the insureds. Alternatively, the Woodwards contend that Farm Family was precluded from asserting any period of limitations defense because it failed to comply with

the notice requirements of title 18, section 3914 of the Delaware Code.

We have concluded that the judgment of the Superior Court must be affirmed.

### Facts

The Woodwards own a home located on southbound U.S. Route 13, south of Odessa, Delaware. Their home was covered by a homeowner's insurance policy issued by Farm Family. On or about May 7, 1998, highway contractors began working with heavy equipment in front of the Woodwards' home as part of a construction project to build Route 1. The Woodwards immediately began to notice cracks in the exterior block walls of their home, which progressively worsened.

Shortly after noticing this damage, the Woodwards contacted Farm Family to report the loss. On July 21, 1998, the Woodwards also sent written notice to the Delaware Department of Transportation ("DelDOT") about this damage. The Woodwards sent copies of that communication to Farm Family as well. Although subsequent meetings occurred between DelDOT and the highway contractor, neither DelDOT nor the highway contractor addressed the alleged problems with the Woodwards' home.

After receiving notification from the Woodwards, Farm Family requested National Forensic Consultants, Inc. ("National") to conduct a site inspection. National performed an inspection on September 16, 1998, following completion of the road construction near the Woodwards' home. From this inspection, National confirmed cosmetic damage to the house that it concluded was unrelated to construction work.

In an attempt to substantiate and quantify their loss, the Woodwards obtained a structural report from Haglid Engineering and Associates on January 20, 2000. This

engineering report documented both structural and cosmetic damage to the Woodwards' home with an estimated cost of repairs at $32,900.00. The report determined that the damage caused to the home was the result of excessive vibration from the Route 1 construction project.

On February 4, 2000, the Woodwards retained an attorney to represent them in this matter. During the course of this representation, that attorney did not file suit against either the State of Delaware or the highway contractor, but rather attempted to negotiate a settlement with Farm Family. In mid-August, the Woodwards terminated their relationship with that attorney and retained new counsel. The Woodwards' present attorney filed suit on August 31, 2000 against Farm Family under the terms of the homeowner's insurance policy.

### The Parties' Contentions

Farm Family argues that the Woodwards' complaint is time-barred by the insurance contract provision that establishes a one-year limitations period for filing suit against Farm Family. Alternatively, Farm Family contends that the complaint is barred by the two-year statute of limitations in title 10, section 8107 of the Delaware Code. It is undisputed that the alleged damage occurred on May 7, 1998 and that the complaint was filed on August 31, 2000. Therefore, Farm Family submits that the Woodwards' complaint was filed after both of the time limits that

it has raised as alternative affirmative defenses.

The Woodwards argue that their complaint is not time-barred for two reasons. First, the Woodwards contend that the Farm Family policy's language "action is started" is ambiguous. Second, the Woodwards submit that Farm Family did not give them notice of the contractual one-year time limit, which they contend is required pursuant to title 18, section 3914 of the Delaware Code.

### Policy Limitations Provision Unambiguous

■ "Section I—Conditions," subsection 8 in the Woodwards' homeowner's insurance policy sets forth the period of limitations provision that is at issue. It reads as follows:

> **Suit Against Us.** No action can be brought unless the policy provisions have been complied with and the action is started within one year after the date of loss.[1]

The Woodwards contend that the phrase "action is started" is ambiguous. They submit that an insured party can reasonably construe the language to mean either that the insured must file suit or notify the insurer of a claim within one year.

■ The Superior Court's interpretation and construction of an insurance contract is subject to *de novo* review.[2] The scope of the coverage obligation is determined by the language in the insurance policy.[3] Where the language is unequivo-

---

**1.** This Court has previously upheld similar statute-of-limitations provisions as valid. *First Fed. Savs. & Loan Ass'n v. Nationwide Mut. Fire Ins. Co.,* 460 A.2d 543, 544 (Del. 1983) (construing virtually an identical statute-of-limitations provision in an insurance policy); *Closser v. Penn Mut. Fire Ins. Co.,* 457 A.2d 1081, 1082–83 (Del.1983) (discussing a similar statute-of-limitations provision); *Betty Brooks, Inc. v. Ins. Placement Facility,* 456

A.2d 1226, 1227 (Del.1983) (discussing a similar policy provision).

**2.** *ABB Flakt, Inc. v. Nat'l Union Fire Ins. Co.,* 731 A.2d 811, 816 (Del.1999) (citing *Emmons v. Hartford Underwriters Ins. Co.,* 697 A.2d 742, 744 (Del.1997)).

**3.** *Id.*

cal, the parties are bound by its clear meaning.[4] If the language is ambiguous, it will be construed "most strongly against the insurance company that drafted it."[5]

"A contract is not rendered ambiguous simply because the parties do not agree upon its proper construction."[6] The language in a policy is ambiguous only if the provision in controversy is "reasonably or fairly susceptible of different interpretations or may have two or more different meanings."[7] An ambiguity does not exist when a court can determine the meaning of an insurance contract "without any other guide than a knowledge of the simple facts on which, from the nature of language in general, its meaning depends."[8]

The Woodwards' homeowner's insurance policy sets forth the separate specific procedures an insured follows to file a claim after incurring a loss and to file a suit against Farm Family. "Section I—Conditions," subsection 2 titled "**Your Duties After Loss**" requires an insured, after incurring a loss to covered property, to do, *inter alia*, the following: give prompt notice to the insurer; protect the property from further damage, make reasonable and necessary repairs to protect the property, and keep an accurate record of repair expenses; prepare an inventory of damaged personal property; and as reasonably required show the damaged property, provide insurer with records and documents and submit to questions under oath. "Section I—Conditions," subsection 8 titled "Suit Against Us" identifies two requirements for an insured to file suit against the insurer: to comply with the policy provisions and to file suit within one year after the date of loss.

Subsection 2 and subsection 8 clearly and distinctively differentiate between the process an insured must use to file a claim under the policy and the process the insured must follow to initiate legal action against the insurer.[9] The use of the bolded title "Suit Against Us" and the specific terms "suit" and "action" in subsection 8 are indicative of filing a lawsuit rather than of filing a claim. The Superior Court properly concluded that the language of subsection 8 in "Section I—Conditions" is unambiguous.[10]

### *Policy Limitations Provision Binding*

Since the Farm Family policy is unambiguous, we must decide if its terms are enforceable. One-year periods of limitations in insurance contracts have been upheld by this Court. In *Ottendorfer v. Aetna Insurance Company*,[11] we stated

---

**4.** *Id.* (quoting *Emmons v. Hartford Underwriters Ins. Co.*, 697 A.2d at 745).

**5.** *Phillips Home Builders, Inc. v. Travelers Ins. Co.*, 700 A.2d 127, 129 (Del.1997) (quoting *Rhone–Poulenc Basic Chems. Co. v. Am. Motorists Ins. Co.*, 616 A.2d 1192, 1196 (Del. 1992)).

**6.** *Rhone–Poulenc Basic Chems. Co. v. Am. Motorists Ins. Co.*, 616 A.2d at 1195.

**7.** *ABB Flakt, Inc. v. Nat'l Union Fire Ins. Co.*, 731 A.2d at 816 (quoting *Phillips Home Builders, Inc. v. Travelers Ins. Co.*, 700 A.2d at 129).

**8.** *Rhone–Poulenc Basic Chems. Co. v. Am. Motorists Ins. Co.*, 616 A.2d at 1196.

**9.** A court must examine all relevant portions of an insurance policy rather than reading any single passage in isolation. *O'Brien v. Progressive N. Ins. Co.*, 785 A.2d 281, 287 (Del.2001) (citing *Aetna Cas. & Sur. Co. v. Kenner*, 570 A.2d 1172, 1174 (Del.1990)).

**10.** Since the Farm Family's contractual period of limitations provision is unambiguous, the Superior Court also properly determined that the doctrine of *contra proferentem* is inapplicable. *Rhone–Poulenc Basic Chems. Co. v. Am. Motorists Ins. Co.*, 616 A.2d at 1195.

**11.** *Ottendorfer v. Aetna Ins. Co.*, 231 A.2d 263 (Del.1967).

that "[t]here is no doubt but that a one-year period of limitation[s] of suit contained in an insurance policy is reasonable and binding upon the insured." [12] The policy provision that was construed in *Ottendorfer* is not only similar to the limitations period at issue in this case, but is also similar to the policy time-limitation periods that have been upheld repeatedly by this Court in other subsequent cases.[13]

Accordingly, the Superior Court properly held that the one-year limitations period in the Woodwards' Farm Family homeowner's insurance policy is valid and constitutes the controlling period of limitations for the timely filing of a complaint.[14] The alleged damage to the Woodwards' home occurred in early May 1998. The Woodwards' complaint was not filed until August 31, 2000. Therefore, the Woodwards failure to comply with the policy's one-year period of limitations bars their cause of action against Farm Family unless other legal reasons exist which prevent its application.

### Title 18, Section 3914 of the Delaware Code

■ Alternatively, the Woodwards assert that Farm Family was precluded from raising the one-year policy period of limitations as an affirmative defense because it failed to comply with the notification requirements of title 18, section 3914 of the Delaware Code. Section 3914 reads as follows:

An insurer shall be required during the pendency of any claim received pursuant to a *casualty insurance policy* to give prompt and timely written notice to claimant informing claimant of the applicable *state statute of limitations* regarding action for his/her damages. (emphasis added)

It is undisputed that Farm Family did not provide written notice to the Woodwards of the one-year period of limitations in the policy. The Woodwards argue that Farm Family was required to provide such notice under section 3914 since their homeowner's insurance policy is both "property insurance" and "casualty insurance." Farm Family asserts that the homeowner's insurance policy is only "property insurance" to which section 3914 does not apply. The Superior Court determined that the notification requirements of section 3914 were applicable to a contractual time-limitation provision, but were inapplicable to the Farm Family homeowner's insurance policy since the policy was "property insurance" and not "casualty insurance" as required by the statute.[15]

This Court has never directly held that section 3914 requires notice of a contractual period of limitations provision. Prior to the enactment of section 3914, in *Betty Brooks, Incorporated v. Insurance Placement Facility*,[16] this Court specifically rec-

---

**12.** *Id.* at 265.

**13.** *First Fed. Savs. & Loan Ass'n v. Nationwide Mut. Fire Ins. Co.*, 460 A.2d 543, 544 (Del. 1983) (construing virtually an identical statute-of-limitations provision in an insurance policy); *Closser v. Penn Mut. Fire Ins. Co.*, 457 A.2d 1081, 1082–83 (Del.1983) (discussing a similar statute-of-limitations provision); *Betty Brooks, Inc. v. Ins. Placement Facility*, 456 A.2d 1226, 1227 (Del.1983) (discussing a similar policy provision).

**14.** *Woodward v. Farm Family Cas. Ins. Co.*, 2001 WL 879914, at *2 (Del.Super.). The Superior Court also properly noted that this holding negated the need to determine whether title 10, section 8106 or 8107 of the Delaware Code applies to the Woodwards' claim. *Id.* at *2 n. 8.

**15.** *Woodward v. Farm Family Cas. Ins. Co.*, 2001 WL 879914, at *3 (Del.Super.).

**16.** *Betty Brooks, Inc. v. Ins. Placement Facility*, 456 A.2d 1226 (Del.1983).

ognized that "in Delaware there [was] no duty on the part of an insurance carrier to inform its insured of the existence of a shortened statute of limitations' provision contained in a policy where the carrier has given no assurance that it would not rely upon the one-year limitation provision." [17] Immediately following this statement in the text of the *Betty Brooks* opinion, however, we noted that after the enactment of section 3914 insurers would have to give "prompt and timely notice of the applicable statute of limitations regarding actions for damages." [18]

This footnote in the *Betty Brooks* decision apparently has caused confusion for two reasons. First, the policy at issue in the *Betty Brooks* case was for fire and extended coverage insurance and not for casualty insurance. Only casualty insurance policies require notice pursuant to the plain language of section 3914. [19] Second, in *Betty Brooks*, the limitations period for bringing suit against the insurer was established by a contractual provision and not a *state* statute of limitations. Only notice of a state statute of limitations is required by the express language in section 3914. [20]

Thus, in addressing the anticipated applicability of section 3914 in the *Betty Brooks* footnote, this Court's *obiter dicta* unfortunately suggested that section 3914 would be applicable to all insurance policies—not just casualty insurance policies—and to insurance policy period of limitations provisions—not just "state statute of limitations." [21] Nevertheless, subsequent to our decision in *Betty Brooks*, this Court has consistently held that only a *casualty* insurer is required to notify an insured or a third-party claimant of the applicable *state* statute of limitations pursuant to section 3914. [22] To the extent that footnote 1 in *Betty Brooks* is contrary to the plain meaning of section 3914, the broad language in that footnote is overruled. [23]

### Woodwards' Homeowner's Insurance Contract

· This insurance proceeding illustrates the need for precision in using terms such as policy, coverage and contract. It also illustrates the importance of distinguishing between the statutory definitions and the ordinary definitions of these and other terms. In this appeal, the semantic differences in the origin and use of certain defined words or phrases are outcome-determinative.

The Woodwards purchased a homeowner's insurance policy from Farm Family. In that context, the word insurance "policy" is used in accordance with its ordinary meaning: "contract of insurance." [24] Therefore, we will refer to the Woodwards'

---

17. *Id.* at 1228.

18. *Id.* at 1228 n. 1.

19. *Id.* at 1227–28.

20. *Id.*

21. The Woodwards have construed the footnote in *Betty Brooks* as suggesting that this Court will impose a broad construction of section 3914 that includes policies beyond casualty insurance and notice of contractual limitations provisions in addition to the *state* statute of limitations. (Appellants' Opening Br. at 9–11.)

22. *Vance v. Irwin,* 619 A.2d 1163 (Del.1993); *Stop & Shop Cos. v. Gonzales,* 619 A.2d 896 (Del.1993); *Lankford v. Richter,* 570 A.2d 1148 (Del.1990); *Janocha v. Candeloro,* 542 A.2d 357, 1988 WL 49890 (Del.Supr.).

23. *Betty Brooks, Inc. v. Ins. Placement Facility,* 456 A.2d at 1228 n. 1.

24. Black's Law Dictionary 809 (7th ed.1999); *see also* WEBSTER's II New Riverside University Dictionary·910 (3d ed.1994).

entire agreement with Farm Family as the homeowner's insurance *contract*.[25]

In this case, we must decide whether the Woodwards had a casualty insurance policy as the terms "casualty insurance" and "policy" are defined by statute. If so, the related issue to be decided is whether the Woodwards made a claim with Farm Family pursuant to that casualty insurance policy. If the Woodwards made a claim pursuant to a casualty insurance policy, Farm Family was required to give the Woodwards the notice that is mandated by title 18, section 3914 of the Delaware Code. We have concluded that a portion of the Woodwards' homeowner's insurance contract did constitute a casualty insurance policy—as defined by statute—but that the Woodwards did not make a claim pursuant to that policy.

In order to completely define the phrase "casualty insurance policy," the definition of "casualty insurance" in title 18, section 906 of the Delaware Code must be combined with the definition of "policy" in title 18, section 2702 of the Delaware Code. Section 906 defines "casualty insurance" by enumerating specific types of coverage provisions. Section 2702 defines a "policy" to mean a "written contract of or written agreement for or effecting insurance, by whatever name called, and includes all clauses, riders, endorsements and papers which are a part thereof." For purposes of deciding this case, the fact that "all clauses" meet the statutory definition of "policy" is controlling.

Title 18, chapter 9 of the Delaware Code defines the different "kinds of insurance" *coverage* that an insurance contract can provide. While section 906 defines "casualty insurance," title 18, section 904 of the Delaware Code separately defines "property insurance" as follows:

> Property insurance is insurance on real or personal property of every kind and of every interest therein against loss or damage from any and all hazard or cause, and against loss consequential upon such loss or damage, other than noncontractual legal liability for any such loss or damage. Property insurance does not include title insurance, as defined in § 908 of this chapter.

Based upon this statutory definition in section 904, the Woodwards acknowledge that the Superior Court properly concluded that their homeowner's insurance contract is primarily a "property insurance" policy. Nevertheless, the Woodwards contend that their homeowner's insurance contract also meets the definition of "casualty insurance" in section 906(a)(5), which defines "casualty insurance" to include a *"Personal property floater.—*Insurance upon personal effects against loss or damage from any cause."

The record reflects that the homeowner's insurance contract issued by Farm Family to the Woodwards included coverage for not only the dwelling and other structures, but also personal property. Under "Coverage C—Personal Property," the Woodwards' insurance contract states: "We cover personal property owned or used by an **insured** while it is anywhere in the world." According to the Woodwards, the existence of this "Personal Property Floater" in their homeowner's insurance contract makes their entire homeowner's insurance contract a "casualty insurance policy" as defined by section 906(a)(5) and triggers the notice requirements of section 3914.

**25.** Regulation No. 27, *Providing Basic Readability Requirements for Homeowners Insurance Policy Forms,* Delaware Insurance Department 27–2 (June 1, 1978) (The regulation's purpose is "to assure that homeowners policies issued on July 1, 1978 or thereafter shall be readable and understandable by a person of average intelligence and education.").

### Single Insurance Contract—Multiple Insurance Coverages

The statutory scheme reflects that the General Assembly did not intend for the multiple "kinds of insurance" defined in title 18, chapter 9 of the Delaware Code to be mutually exclusive in a single insurance contract. Title 18, section 901 of the Delaware Code expressly contemplates that "certain insurance *coverages* may come within the definitions of 2 or more kinds of insurance as defined in [chapter 9]."[26] In those forms of insurance contracts, the statute provides that "the inclusion of such coverage within 1 definition [does] not exclude it as to any other kind of insurance within the definition of which such coverage is likewise reasonably includable."[27]

The Superior Court properly held that the inclusion of a personal property clause in the Woodwards' homeowner's insurance contract with Farm Family did not *ipso facto* make their entire homeowner's insurance contract a casualty insurance policy, as that term is used in title 18, section 3914 of the Delaware Code. To the extent that the Woodwards' homeowner's insurance contract provides insurance coverage as defined in title 18, section 904 of the Delaware Code, those clauses in the Woodwards' contract with Farm Family constitute a "property insurance" policy.[28] To the extent that other clauses in the Woodwards' insurance contract provide insurance coverage as defined in title 18, section 906(a)(5) of the Delaware Code, only those clauses constitute a casualty insurance policy and require notification to the insureds under section 3914.[29]

### Section 3914 Inapplicable

Title 18, section 3914 of the Delaware Code requires an insurer to give notice of the *state* statute of limitations during the pendency of "claim[s] received pursuant to a casualty insurance policy." This statute requires the claimant to tell the insurer what happened, but does not require the claimant to identify any specific clause in the insurance contract that provides coverage. It is the insurer's responsibility—since the insurer drafted the contract—to determine whether it must give the notice that is required by section 3914 because a claim has been made pursuant to a casualty insurance policy, i.e., in this case, pursuant to a casualty insurance clause in a homeowner's insurance contract.

The Woodwards acknowledge that they did not make and do not have a claim under the personal property casualty insurance clause in their homeowner's insurance contract. In fact, the Woodwards admit that the claim they submitted was properly construed by Farm Family to be a request for coverage pursuant to the property insurance clause in their homeowner's insurance contract. Nevertheless, the Woodwards argue that the mere existence of an inapplicable casualty insurance clause made their entire homeowner's insurance contract a casualty insurance policy as that term appears in section 3914.

The unambiguous intent of the General Assembly to limit section 3914 to a casualty insurance policy would be defeated if every insurance contract with a casualty insurance clause was *ipso facto* construed to be a casualty insurance policy. The statutory language recognizes that one type of coverage may be combined with

---

**26.** Del.Code Ann. tit. 18, § 901 (1999).

**27.** *Id.*

**28.** *See Galiotti v. Travelers Indem. Co.,* 333 A.2d 176, 178 (Del.Super.Ct.1975).

**29.** *See id.*

other types of coverage within the same insurance contract.[30] The Woodwards' argument is inconsistent with the logical operation of the statutory scheme that has been enacted by the General Assembly.

The proper application of the statutory scheme is apparent when the various provisions are read *in pari materia*. First, a single insurance contract can include various types of coverage. Second, since the inclusion of multiple types of coverage is not to be mutually exclusive, the coverage provisions must be read independently. Third, the General Assembly provided for the nonexclusive operation of multiple types of coverage in a single insurance contract by defining the word policy to include *all clauses*. Accordingly, in this case, the limited operation of section 3914 is given full force and effect by recognizing that a claim submitted pursuant to a casualty insurance policy means a claim submitted pursuant to a casualty insurance clause in a homeowner's contract for insurance.

The Superior Court held that the Woodwards' homeowner's insurance contract was not a casualty insurance policy.[31] Therefore, it held that Farm Family was not required to give notice, pursuant to section 3914, of either the two-year state statute of limitations or the one-year limitations period in the insurance contract.[32] Given our analysis, however, we hold that the Woodwards did not submit a claim

pursuant to the casualty insurance clause (policy) in their homeowner's insurance contract. Accordingly, Farm Family had no legal obligation to give the Woodwards notice of any period of limitations.

### *Common–Law Casualty Notice*

The Superior Court held that *if* the Woodwards had made a claim pursuant to the casualty insurance clause (policy) in their homeowner's insurance contract, the issuer of a casualty insurance policy must give notice of a *policy* period of limitations.[33] Title 18, section 3914 of the Delaware Code, however, specifically requires insurers receiving claims under a casualty insurance policy to inform an insured only of the applicable *state* statute of limitations. Although the Superior Court's holding is not supported by the plain language of section 3914, it is supported by this Court's common-law analysis in *Betty Brooks, Incorporated v. Insurance Placement Facility*.[34]

In *Betty Brooks*, we held that "[w]hile a one-year period of limitations contained within an insurance contract is reasonable and binding on the insured, an insurer can be deemed to have waived the limitation or be estopped from asserting it."[35] Only notice of the *state* statute of limitations in a casualty insurance policy is mandated by section 3914. Nevertheless,

**30.** *Galiotti v. Travelers Indem. Co.,* 333 A.2d 176, 178 (Del.Super.Ct.1975). Pursuant to the statutory authority, the Delaware Insurance Department regulations provide that when different types of coverage are provided in one contract similar coverages should be grouped together within the contract, to the extent possible. Regulation No. 27, *Providing Basic Readability Requirements for Homeowners Insurance Policy Forms,* Delaware Insurance Department 27–2 (June 1, 1978).

**31.** *Woodward v. Farm Family Cas. Ins. Co.,* 2001 WL 879914, at *3 (Del.Super.).

**32.** *Id.*

**33.** *See Woodward v. Farm Family Cas. Ins. Co.,* 2001 WL 879914, at *3 (Del.Super.).

**34.** *Betty Brooks, Inc. v. Ins. Placement Facility,* 456 A.2d 1226 (Del.1983).

**35.** *Id.* at 1228.

when such statutory notice is given, the failure to inform the insured of a shorter casualty insurance policy period of limitations would constitute a breach of the insurer's implied covenant of fair dealing.[36] Such a failure would estop the casualty insurer from asserting the shorter policy period of limitations as an affirmative defense.[37]

### *Conclusion*

The record reflects that the Woodwards did not submit a claim pursuant to the casualty insurance clause (policy) in their homeowner's insurance contract. Accordingly, Farm Family had no legal duty to inform the Woodwards of either the two-year state statute of limitations[38] or the one-year limitations period in their insurance contract.[39] The one-year contract limitations period is reasonable and binding upon the Woodwards.[40] Therefore, the Woodwards' complaint was time barred by the one-year limitations period in their insurance contract.

The judgment of the Superior Court is affirmed.

---

**36.** *See id.*

**37.** *See id.*

**38.** Del.Code Ann. tit. 10, § 8107 (1999).

**39.** *See Betty Brooks, Inc. v. Ins. Placement Facility,* 456 A.2d 1226, 1228 (Del.1983).

