# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

BEDROCK LEASING CORP., WFNY I, LLC, )
and BULGROUP COLORADO LLC, )
                                    )
         Plaintiffs, )
                                      )
        v. )   C.A. No. N16C-08-084 EMD CCLD
                                        )
LEXINGTON INSURANCE COMPANY, )
                                        )
         Defendant. )

Submitted:  January 10, 2017
Decided:  April 27, 2017

*Upon Defendant Lexington Insurance Company's
Motion to Dismiss Pursuant to Rule 12(b)(6)*
***GRANTED***

Edward M. McNally, Esquire, and Jason C. Jowers, Esquire, Morris James LLP, Wilmington, Delaware. *Attorneys for Bedrock Leasing Corp., WFNY I, LLC, and Bulgroup Colorado LLC*.

Carmella P. Keener, Esquire, Rosenthal, Monhait & Goddess, P.A., Wilmington, Delaware, Wayne R. Glaubinger, Esquire, and William D. Wilson, Esquire, Mound Cotton Wollan & Greengrass LLP, New York, New York. *Attorneys for Lexington Insurance Company.*

**DAVIS, J.**

This insurance coverage case is assigned to the Complex Commercial Litigation Division of the Court. Plaintiffs Bedrock Leasing Corp. and its affiliates WFNY I, LLC and Bulgroup Colorado LLC (collectively, "Bedrock"), bring this action against Defendant Lexington Insurance Company ("Lexington"). Bedrock contends Lexington breached its contract by denying coverage for property damage caused by Superstorm Sandy. Lexington moved to dismiss, arguing the contract's suit limitations clause prohibits Bedrock's late-filed claim.

## I. INTRODUCTION

### A. Factual Background[1]

Bedrock Leasing Corp. is a New York corporation with its principal place of business in New York, New York.[2] WFNY I, LLC and Bulgroup Colorado LLC are Delaware limited liability companies.[3] WFNY I, LLC and Bulgroup Colorado LLC are affiliated companies of Bedrock Leasing.[4] Bedrock owns commercial property in New York, New York.

Lexington is a Delaware corporation.[5] Lexington is an insurance company.[6] According to the Complaint, Lexington is an insurance company licensed to do business in Delaware and has written policies covering risks for "Delaware citizens and/or is otherwise transacting business in Delaware."[7]

Lexington insured Bedrock for property damage under Lexington Insurance Company Policy 066095771 (the "Policy"), for the policy period of April 26, 2012–April 26, 2013.[8] The Policy provided up to $10 million for "actual loss" during a "Period of Interruption" of Bedrock's business.[9]

---

[1] Unless otherwise indicated, the following are the relevant facts as alleged in the Complaint. For purposes of the Motion, the Court must view all well-pleaded facts alleged in the Complaint as true and in a light most favorable to Bedrock. *See, e.g., Cent. Mortg. Co. v. Morgan Stanley Mortg. Capital Holdings LLC*, 27 A.3d 531, 536 (Del. 2011); *Doe v. Cedars Acad., LLC*, C.A. No. 09C-09-136 JRS, 2010 WL 5825343, at *3 (Del. Super. Oct. 27, 2010).

[2] Plaintiffs' Complaint ("Pls.' Compl.") ¶ 2. The Policy is attached as Exhibit A to Pls.' Compl.

[3] *Id.*

[4] *Id.*

[5] *Id.* ¶ 4.

[6] *Id.*

[7] *Id.*

[8] *Id.* ¶ 3.

[9] *Id.* Ex. A., Policy § V ¶ B at 9–10 ("This Policy is extended to cover the actual loss by the Insured during the period of Interruption directly resulting from a Covered Cause of Loss to insured Property. . . . In determining the amount payable under this coverage, the Period of Interruption shall be: 1. The period from the time of direct physical loss or damage insured against by this Policy to the time when, with the exercise of due diligence and dispatch, either: a. normal operations resume, or b. physically damaged buildings and equipment could be repaired or replaced and made ready for operations under the same or equivalent physical and operating conditions that existed prior to such loss or damage, whichever is less. Such period of time shall not be cut short by the expiration or earlier termination date of the Policy.").

Superstorm Sandy damaged Bedrock's property.[10] Bedrock incurred $3,273,494 in damages.[11] In September 2013, Lexington denied coverage.[12] Bedrock filed this lawsuit on August 9, 2016. Bedrock contends Lexington's denial is incorrect, given this Court's *Almah LLC v. Lexington Insurance Company*[13] decision.

## B. PROCEDURAL HISTORY

On October 12, 2016, Lexington moved to dismiss, and filed Defendant Lexington Insurance Company's Opening Brief in Support of its Motion to Dismiss Pursuant to Rule 12(b)(6) (the "Motion"). On November 8, 2016, Bedrock filed Plaintiffs' Answering Brief in Opposition to Defendant Lexington Insurance Company's Motion to Dismiss Pursuant to Rule 12(b)(6) (the "Opposition"). On November 22, 2016, Lexington filed its Defendant Lexington Insurance Company's Reply Brief in Support of its Motion to Dismiss Pursuant to Rule 12(b)(6) (the "Reply"). On January 10, 2017, the Court held a hearing on the Motion, Opposition, and Reply. At the conclusion, the Court took the matter under advisement. This is the Court's decision. For the reasons set forth, the Court will **GRANT** Defendant's Motion.

## II. PARTIES' CONTENTIONS

### A. LEXINGTON

Lexington contends the Policy's suit limitations clause shortened Bedrock's period to file a lawsuit to two years.[14] The Policy's suit limitations clause is entitled "SUIT AGAINST COMPANY," and provides:

> No suit, action or proceeding for the recovery of any claim under this Policy shall be sustainable in any court of law or equity unless the Insured shall have fully

---

[10] *Id.* ¶ 6.
[11] *Id.*
[12] *Id.* ¶ 8.
[13] C.A. No. N15C-01-237 EMD, 2016 WL 369576 (Del. Super. Jan. 27, 2016).
[14] Def.'s Mot. at 4. Delaware's normal breach of contract claim statute of limitations is three years. *See* 10 *Del. C.* § 8106(a).

3

complied with all the requirements of this Policy, nor unless the same be commenced within **twenty four (24) months** next after the date of the loss, provided however, that if under the laws of the jurisdiction in which the property is located such time limitation is invalid, then any such claims shall be void unless such action, suit or proceedings is commenced within the shortest limit of time permitted by the laws of such jurisdiction.[15]

Lexington argues Bedrock failed to sue Lexington within two years, regardless of Bedrock's choice of date of loss. First, Lexington claims that if Superstorm Sandy is used as the date of loss, then Bedrock's contractual two year limitations period ran in October 2014.[16] Second, Lexington contends that if the date of Lexington's denial is used, then Bedrock's contractual two year limitations period ran in September 2015.[17]

## B. BEDROCK

Bedrock argues it never received notice of the shortened statute of limitations.[18] Bedrock argues that Lexington cannot raise a statute of limitations argument without first notifying Bedrock of the contractual or statutorily-imposed statute of limitations; Lexington's argument is "repugnant against Delaware public policy."[19] Finally, Bedrock argues that it filed this action within Delaware's statute of limitations for breach of contract actions.[20]

## III. STANDARD OF REVIEW

Upon a motion to dismiss under Superior Court Civil Rule 12(b)(6), the Court (i) accepts all well-pleaded factual allegations as true, (ii) accepts even vague allegations as well-pleaded if they give the opposing party notice of the claim, (iii) draws all reasonable inferences in favor of

---

[15] Pls.' Compl. Ex. A, Policy § VII ¶ V at 22 (emphasis added).
[16] Def.'s Mot. at 4. *See also Almah LLC*, 2016 WL 369576 at *2 (stating Superstorm Sandy occurred in October 2012).
[17] Def.'s Mot. at 4.
[18] Pls.' Opp. at 5–7. *See also id.* Ex. A (Affidavit of Steven I. Honig) at ¶ 2 ("Plaintiffs have never received the notice required by 18 *Del. C.* § 4129.").
[19] Pls.' Opp. at 7–11.
[20] *Id.* at 12. *See also* 10 *Del. C.* § 8106(a) ("No action to recover damages . . . caused by an injury unaccompanied with force or resulting indirectly from the act of the defendant shall be brought after the expiration of 3 years from the accruing of the cause of such action[.]").

the non-moving party, and (iv) only dismisses a case where the plaintiff would not be entitled to recover under any reasonably conceivable set of circumstances.[21] However, the Court must "ignore conclusory allegations that lack specific supporting factual allegations."[22]

## IV. DISCUSSION

### A. SUIT LIMITATIONS PROVISION VALIDLY SHORTENS NOTIFICATION PERIOD

The Court will determine the scope of the coverage obligation by looking at the language of the applicable insurance policy.[23] Where the language is unambiguous, the parties are bound by its clear meaning.[24] If the language is ambiguous, it will be construed "most strongly against the insurance company that drafted it."[25] The language in a policy is ambiguous only if the provision in controversy is "'reasonably or fairly susceptible of different interpretations or may have two or more different meanings.'"[26] An ambiguity does not exist when a court can determine the meaning of an insurance contract "without any other guide than a knowledge of the simple facts on which, from the nature of language in general, its meaning depends."[27]

Delaware Courts have upheld shortened limitation periods.[28] In *Woodward v. Farm Family Cas. Ins. Co*, homeowners filed a complaint for alleged structural and cosmetic damage to their home two and one-half years after the damage occurred.[29] The homeowners' policy

---

[21] *Central Mortg. Co. v. Morgan Stanley Mortg. Capital Holdings LLC*, 227 A.3d 531, 536 (Del. 2011); *Doe v. Cedars Academy,* 2010 WL 5825343, at *3 (Del. Super. Oct. 27, 2010).
[22] *Ramunno v. Crawley,* 705 A.2d 1029, 1034 (Del. 1998).
[23] *See Woodward v. Farm Family Cas. Ins. Co.,* 796 A.2d 638, 641 (Del. 2002) (upholding a shortened, one-year statute of limitations provision). *See also ABB Flakt, Inc. v. Nat'l Union Fire Ins.*, 731 A.2d 811, 816 (Del. 1999).
[24] *See, e.g,, Phillips Home Builders, Inc. v. Travelers Ins. Co.*, 700 A.2d 127, 129 (Del. 1997).
[25] *See Woodward*, 796 A.2d at 642.
[26] *Id.* (quoting *ABB Flakt, Inc.,* 731 A.2d at 816).
[27] *Id.* (quoting *Rhone-Poulenc Basic Chems. Co. v. Am. Motorists Ins. Co.*, 616 A.2d 1192, 1196 (Del. 1992)).
[28] *See Id.* at 648 (upholding a shortened, one-year statute of limitations provision).
[29] *Id.* at 640.

contained a one-year provision, stating: "No action can be brought unless the policy provisions have been complied with and the action is started within one year after the date of loss."[30]

The insurance company moved for summary judgment based on that shortened period.[31] The trial court agreed, and granted defendant's motion for summary judgment.[32] On appeal, the Delaware Supreme Court affirmed.[33]

The Court finds and holds that Bedrock's two-year time limit for suits against Lexington is unambiguous and valid.[34] Bedrock knew when the damage occurred, and that triggered its two-year statute of limitations.[35] Further, Lexington denied Bedrock's claim in September 2013, well within the two-year statute of limitations timeframe to file a lawsuit over Lexington's denial.

### B. LEXINGTON DID NOT HAVE TO GIVE BEDROCK NOTICE

Alternatively, Bedrock asserts that Delaware's public policy requires insurers give notice of an applicable statute of limitations to an insured.[36] Bedrock points to two notice provisions: 18 *Del. C.* § 3914 ("Section 3914") and 18 *Del. C.* § 4129 ("Section 4129").

Section 3914 applies to casualty insurance contracts. Section 3914 states:

A [casualty] insurer shall be required during the pendency of any claim received pursuant to a casualty insurance policy to give prompt and timely written notice to claimant informing claimant of the applicable statute of limitations regarding actions for his or her damages.[37]

---

[30] *Id.* at 641.
[31] *Id.*
[32] *Id.*
[33] *Id.* at 648.
[34] *See Smith v. Goodville Mut. Cas. Ins. Co.*, 2010 WL 8250828, at *4 (Del. Super. Oct. 21, 2010) (enforcing insurance policy provision requiring suits to be brought "within two years after the loss"), *aff'd*, 29 A.3d 246 (Del. 2011).
[35] *Cf. Woodward,* 796 A.2d at 640 ("On or about May 7, 1998, highway contractors began working with heavy equipment in front of the Woodwards' home as part of a construction project to build Route 1. The Woodwards immediately began to notice cracks in the exterior block walls of their home, which progressively worsened.").
[36] Def.'s Mot. at 5.
[37] *Id.* § 3914.

Section 4129 relates to property insurance policies. Section 4129 requires insurers to provide notice to property insurance policyholders as follows:

> During the pendency of any claim received pursuant to a property insurance policy, the insurer shall be required to give prompt and timely written notice to a policyholder making a claim informing the policyholder of the applicable state statute of limitations or any contractual period of limitations regarding the filing of an action for the claimant's damages under the contract.[38]

Bedrock argues that Lexington's failure to provide notice under Section 3914 tolls the applicable statute of limitations. Section 3914 requires casualty insurers, not property insurers, to provide notice to its insureds.[39] Bedrock's insurance contract provides coverage for "All Risks of Direct Physical Loss or Damage including Flood, Earthquake and Terrorism."[40] The property covered included "Real and Personal Property; Machinery and Equipment; Furniture & Fixtures; Improvements and Betterments; Inventory; Stock; EDP Hardware, Mediate and Data; Business Income – Gross Earning/Extra Expense and as Respects the Policy Manuscript Form and any Endorsements Attached Hereto and Made a Part of this Policy and as Respects the Schedule of Values on File with this Company."[41]

Section 3914 does not apply here. Section 3914 applies to "applicable statutes of limitations." In arguing for dismissal, Lexington is not relying on the applicable statute of limitations. Lexington is depending on the Policy's SUIT AGAINST COMPANY clause that requires Bedrock to file suit from the date of loss. As discussed above, the Delaware Supreme Court has held that such provisions are valid in *Woodward*. The date of loss here is October, 2012 (Superstorm Sandy event), and Lexington denied coverage under the Policy sometime in

---

[38] 18 *Del. C.* § 4129.
[39] *Woodward,* 796 A.2d at 644 ("[T]his Court has consistently held that only a *casualty* insurer is required to notify an insured or a third-party claimant of the applicable *state* statute of limitations pursuant to section 3914.") (emphasis in original)
[40] Pls.' Compl. Ex. A at Item 5 (Perils).
[41] *Id.* Item 6 (Description of Property Covered).

September, 2013. Lexington contends that Bedrock, under the Policy, needed to file suit by October, 2014 but, in no event, later than the end of September, 2015.

Section 4129 is also inapplicable. The scope of Section 4129 is controlled by 18 *Del. C.* § 4120 ("Section 4120"). Section 4120 requires insurers to provide notice to property insurance policyholders:

> [C]overing risks to property located in this State [*i.e.,* Delaware] . . . which insure any of the following contingencies:
> 1) Loss of or damage to real property which consists of not more than 4 residential units, 1 of which is the principal place of residence of the named insured; or
> 2) Loss of or damage to personal property in which the named insured has an insurable interest where:
>     a. The personal property is used for personal, family or household purposes; and
>     b. The personal property is within a residential dwelling.[42]

Bedrock's covered property is a commercial property located in New York. It is not personal or residential property located in Delaware. Section 4129's notice requirement does not apply to Bedrock: Lexington did not have to notify Bedrock of the statute of limitations pursuant Section 4129.

### C. THE SUIT AGAINST COMPANY CLAUSE IS NOT REPUGNANT TO DELAWARE'S PUBLIC POLICY

Last, Bedrock argues Delaware's public policy invalidates the shortened contractual limitations period contained in the SUIT AGAINST COMPANY clause.[43] Bedrock cites to several cases where Delaware has interfered with a party's freedom of contract. Bedrock's cited cases refer to indemnification provisions and provisions insulating a party's fraud being rendered

---

[42] 18 *Del. C.* § 4120 (Scope of Subchapter).
[43] Pls.' Opp. at 7–11.

void.[44]  None involve cases shortening a statute of limitations period or requiring notice.  As mentioned, Delaware Courts allow shortened limitations period.[45]

## V.  CONCLUSION

For the reasons set forth above, the Court **GRANTS** Defendant Lexington Insurance Company's Motion to Dismiss.  Accordingly, the Court will dismiss the Complaint with prejudice.

**IT IS SO ORDERED.**

*/s/ Eric M. Davis*
Eric M. Davis, Judge

---

[44] *J.S. Alberici Const. Co. v. Mid-West Conveyor Co.*, 750 A.2d 518 (Del. 2000) (finding a contractual indemnity provision repugnant to Delaware's public policy and 6 *Del. C.* § 2704); *ABRY Partners V, L.P. v. F&W Acquisition LLC*, 891 A.2d 1032 (Del. Ch. 2006) (refusing to allow a contractual limitation limiting buyer's right to indemnification as sole and exclusive remedy for any contract misrepresentation, regardless of fraud).
[45] *Woodward ,* 796 A.2d at 648; *Smith v. Goodville Mut. Cas. Ins. Co.*, C.A. No. 09C-10-043 WLW, 2010 WL 8250828  (Del. Super. Oct. 21, 2010).