# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| JENNIFER KNIGHT, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. NO. N23C-05-198 DJB |
| | ) | |
| PETER ACQUAAH, | ) | |
| Defendant. | ) | |

Date Submitted:  September 19, 2023
Date Decided:  December 18, 2023

## OPINION

*On Defendant's Motion to Dismiss –* **DENIED**.

Michael Silverman, Esquire, Silverman McDonald & Friedman, Wilmington, Delaware for Plaintiff.

Robert Cecil, Esquire, and Robert Greenberg, Esquire, Tybout Redfearn & Pell Wilmington, Delaware for Defendant.

**BRENNAN, J.**

## I.    INTRODUCTION

Plaintiff Jennifer Knight (hereinafter "Plaintiff") sues Defendant Peter Acquaah (hereinafter "Defendant") for serious bodily injuries she alleges arose from Defendant's negligent operation of a motor vehicle.[1] Before the Court is a Motion to Dismiss the Complaint based upon a failure to comply with the applicable statute of limitations.[2]    Upon consideration of the parties' submissions, for the reasons stated herein, the Defendant's Motion to Dismiss is **DENIED**.

## II.    BACKGROUND

On May 1, 2021, the vehicle operated by Plaintiff collided with the vehicle operated by Defendant at the intersection of Old Porter and Porter Roads.[3] Defendant was insured by State Farm at the time of the crash.  On June 2, 2021, Plaintiff, through counsel, sent State Farm a letter of representation referencing the May 1 crash.[4]  On June 11, 2021, State Farm responded by letter, acknowledging Plaintiff's claim and her legal representation.[5]  On May 22, 2023, Plaintiff filed her personal injury Complaint against Defendant sounding in negligence.[6]

---

[1] Compl., D.I. 1, ¶ 5
[2] Def's Reply in Support of the Mot. to Dismiss Pl.'s Compl., D.I. 12.
[3] D.I. 1.
[4] Pl. Resp. to Mtn. to Dism., Ex A, D.I. 11
[5] Pl. Resp. to Mtn. to Dism., Ex B, D.I. 11
[6] *Id*. ¶ 4.

In lieu of an Answer, Defendant filed the instant motion, asserting a statute of limitations defense under 10 *Del C*. § 8119.[7] Plaintiff filed a written opposition to Defendant's Motion to Dismiss on September 1, 2023. Citing 18 *Del. C*. § 3914, Plaintiff posited Defendant is barred from asserting a statute of limitations defense because State Farm did not notify Plaintiff of the applicable state statute of limitations as statutorily required.[8] In his Reply filed on September 19, 2023, Defendant averred 18 *Del. C*. § 3914 does not apply to the tortfeasor and only applies to the insurer and is therefore inapplicable here.[9] Oral argument was heard on September 19, 2023. This Opinion is the Court's decision on Defendant's Motion.

## III. STANDARD OF REVIEW

Superior Court Civil Rule 12(b)(6) governs the standard of review for a motion to dismiss. Under this rule, the Court must decide whether any reasonably conceivable set of circumstances, susceptible of proof, under the complaint exists to support recovery.[10] Under that Rule, the Court will:

> (1) accept all well pleaded factual allegations as true, (2) accept even vague allegations as "well pleaded" if they give the opposing party notice of the claim, (3) draw all reasonable inferences in favor of the non-moving party, and (4) not dismiss the claims unless the plaintiff would not be entitled to

---

[7] Def.'s Mot. to Dismiss, D.I 5, ¶ 2.
[8] Pl.'s Opp'n. To Def.'s Mot. to Dismiss, D.I 11, ¶ 8.
[9] D.I 12, ¶ 2.
[10] *Vinton v. Grayson*, 189 A.3d 695, 700 (Del. Super. 2018) (quoting Superior Court Civil Rule 12(b)(6)).

recover under any reasonably conceivable set of circumstances.[11]

Unsupported conclusory allegations need not be accepted.[12] However, if any reasonable conception exists that can be formulated to allow recovery, the motion will be denied.[13]

## IV. DISCUSSION

It is uncontested that the Complaint was filed after the applicable two-year statute of limitations. It is also uncontested that 18 *Del C*. § 3914 requires insurers – under Delaware insurance contracts – to provide notice of the applicable statute of limitations to claimants. The question presented here is whether the Defendant, who is the tortfeasor and not the insurer, can assert a statute of limitations defense despite State Farm's failure to comply with Section 3914.

Defendant cites to a lineage of case law on the issue in which this Court has stated, either in *dicta* or in its dispositive ruling, that Section 3914 applies to an insurer, not a tortfeasor. Plaintiff, acknowledging the language of the statute, argues that this Court's decision in *Murphy v. Lucus* is controlling, as the issue is not as

---

[11] *Id.* (quoting *Cent. Mortg. Co. v. Morgan Stanley Mortg. Capital Hldgs. LLC*, 27 A.3d 531, 535 (Del. 2011)).

[12] *Intermec IP Corp. v. TransCore, LP*, 2021 WL 3620435, at *11 (Del. Super. Aug. 16, 2021) (citing *Prince v. E.I. DuPont de Nemours & Co.*, 26 A.3d 162, 166 (Del. 2011), overruled on other grounds by *Ramsey v. Ga. S. Univ. Advanced Dev. Ctr.*, 189 A.3d 1255, 1277 (Del. 2018)).

[13] *Vinton*, 189 A.3d at 700 (citing *Cent. Mortg. Co.*, 27 A.3d at 535).

simple as whether the defendant is a tortfeasor as opposed to an insurer – the Court must examine whether a claim has been filed to trigger Section 3914.

Under 18 *Del. C.* § 3914, "an insurer shall be required during the pendency of any claim received pursuant to a casualty insurance policy to give prompt and timely written notice to claimant informing claimant of the applicable state statute of limitations regarding action for his or her damages."[14]  Thus, an insurer must give notice of the "state statute of limitations during the pendency of a claim received pursuant to a casualty insurance policy."[15] The unambiguous intent of Section 3914 is to "protect unsophisticated claimants from more sophisticated insurance companies."[16]  As the insurer drafted the coverage contract, it is the insurer's responsibility to determine whether it must give notice under 18 *Del. C.* § 3914.[17]

Defendant is correct in that Delaware courts have held that only an insurer, not the tortfeasor, is required to give notice of the applicable statute of limitations to an insured or a third-party claimant.  Therefore, "the insurer may be estopped from asserting statute of limitations as an affirmative defense," but the tortfeasor may not be so prohibited.[18]  However, decisional case law is inconsistent as to whether the

---

[14] 18 *Del. C.* § 3914.
[15] *Farm Family Ins. Co. v. Conectiv Power Delivery*, 2008 WL 2174411, at *4 (Del. Super. May 21, 2008).
[16] *Id.* at *3.
[17] *Woodward v. Farm Family Ins. Co.*, 796 A.2d 638, 646 (Del. 2002).
[18] *LaFayette v. Christian*, 2012 WL 3608690, at *2 (Del. Super. Aug. 21, 2012).

tortfeasor may assert a statute of limitations defense when an insurer was made aware of a claim, acknowledged the claim, and failed to comply with Section 3914. While the cases cited by both parties are instructive, none are dispositive.

Here, State Farm, the tortfeasor's carrier, was notified of and acknowledged Plaintiff's claim. At argument on the motion, defense counsel rightly acknowledged that, should this case proceed against Defendant, State Farm – who hired counsel – would defend the claim. The record is devoid of any direct correspondence with Defendant tortfeasor regarding the claim. Even if there was, it is irrelevant. The Court agrees with Defendant's contention that Section 3914 does not mandate the individual tortfeasor provide notice of the statute of limitations.

As the issue is unsettled, it must now be clarified. The fact that State Farm was contacted and actively acknowledged Plaintiff's claim and legal representation is dispositive and distinguishes this case from prior precedent cited by Defendant.[19] In *Adams v. Griffin*, this Court acknowledged:

---

[19] *Ndieng v. Woodward*, 2012 WL 6915205 (Del. Super. Dec. 19, 2012) (addressed whether an out of state insurer is subject to Section 3914); *LaFayette v. Christian*, 2012 WL 3608690 (Del. Super. 2012) (finding that Section 3914 did not require the tortfeasor to provide notice to Plaintiff of the statute of limitations; this fact is not in dispute in this case. *LaFayette* made no mention as to whether the insured was notified of the claim pending, but, regardless, the insurer was an out of state insurer and the Court followed *Ndieng* and found Section 3914 inappliable); *Adames v. Adames*, 2020 WL 3027240 (Del. Super. 2020) (dismissing counter claim filed beyond the statute of limitations without mention of whether the counterclaim defendant's insurer was aware of a pending claim); *Black v. Reybold Venture Groups VII, LLC*, 2018 WL 4362057 (Del. Super. 2018) (finding the notice provision of

> [f]or the purposes of 18 *Del. C.* § 3914, a plaintiff is not required to submit a formal claim to the defendant so long as his actions, as well as the actions of the defendant and the defendant's insurer, taken together, collectively demonstrate that the insurance company was aware that at least a provisional claim was pending.[20]

In *Adams*, the tortfeasor was sued and represented by the insurance carrier. The Court found defendant's carrier was on notice of the personal injury claim against its insured and failed to provide notice pursuant to Section 3914. Accordingly, the Court denied a motion for summary judgment asserting a statute of limitations defense, acknowledging that Section 3914 is to be broadly interpreted.

An insurance company does not have to be a party to the action to trigger Section 3914. To require such would produce an absurd result. A plaintiff in a personal injury suit does not sue the insurer; the tortfeasor is sued. And, pursuant to a valid insurance contract, the insurer represents the insured. Therefore, the obligation is on the insurer, once it has notice of a claim, to comply with Section 3914. That notification was not provided here.

As a matter of law, the statute of limitations as to a tortfeasor is tolled when the tortfeasor's insurance carrier is aware of a claim and fails to give notice as

---

Section 3914 does not apply to a tortfeasor, while fashioning a remedy consistent with the policy of the statute). Defendant cited multiple additional cases that stand for the proposition that Section 3914 does not apply to a tortfeasor. That issue is not before the Court. As previously stated, the issue is whether the tortfeasor may assert a statute of limitations defense when his insurer, who was on notice of the claim, failed to provide notice pursuant to Section 3914.

[20] *Adams v. Griffin*, 2014 WL 7009530, at * 2 (Del. Super. 2014).

required by Section 3914. To rule otherwise renders Section 3914 meaningless and would create a windfall for the insurance carrier who has failed to comply with their statutory obligation. Likewise, it does not necessarily flow that a tortfeasor who remains in civil litigation such as this is liable to a plaintiff for an amount in excess of the policy limits.[21] Whether the carrier who has failed to comply with Section 3914 is responsible for any excess verdict is an issue for another day, although common sense suggests that the carrier has a risk for its failure to comply with 3914. Neither issue is ripe, nor have they been briefed; therefore, neither will be decided here.

## V.    CONLUSION.

While Section 3914 does not require a tortfeasor to give notice of an applicable statute of limitations, it does bind an insurer, once it is aware of a claim, to inform Plaintiff of the statute of limitations. The insurer, who ultimately represents the insured in litigation, cannot obtain a windfall for its failure to comply

---

[21] *Black*, 2018 WL 4362057, at *3 (Del. Super. Sept. 6, 2018) ("Since litigation is filed only against the tortfeasor of an accident and not their [sic] insurance carrier, if the Court was to dismiss Defendant from this litigation, it would in essence be providing an unjustified windfall to the insurance carrier that has failed to meet its statutory obligations. This would clearly frustrate the legislative intent of Section 3914 and would be unfair to Plaintiff. The remedy here is to find that, to the extent the Defendant is found liable for the slip and fall incident, recovery is limited to Defendant's insurance coverage provided by Harleysville minus Defendant's deductible. The Plaintiff can receive no direct recovery from Defendant, but Defendant will not be dismissed from the case.").

with its statutory obligation.  Because Defendant's insurer was aware of the claim and failed to notify Plaintiff accordingly, Defendants' Motion to Dismiss is **DENIED**.

**IT IS SO ORDERED.**

Danielle J. Brennan, Judge