**Jeffrey DAWSON, Sr., Plaintiff,**

v.

**STATE FARM MUTUAL AUTO-MOBILE INSURANCE COMPANY, Defendant.**

**C.A. No. 06C–05–003 (JTV).**

Superior Court of Delaware,
Kent County.

Submitted: Oct. 10, 2008.
Decided: Feb. 19, 2009.

---

Scott E. Chambers, Esq., Schmittinger & Rodriguez, Dover, Delaware, for Plaintiff.

Sherry Ruggiero Fallon, Esq., Tybout, Redfearn & Pell, Wilmington, Delaware, for Defendant.

VAUGHN, President Judge.

This is an action for Personal Injury Protection benefits. The plaintiff has filed a Motion *In Limine* to exclude proposed testimony of Dr. Douglas Fasick, a defense chiropractic expert.

The issue is whether Dr. Fasick's testimony is barred by 24 *Del. C.* § 717(c), which reads

> No Doctor of Chiropractic shall be permitted to offer chiropractic opinions for the purpose of determining eligibility for health insurance policy benefits relating to chiropractic care in the State unless the Doctor of Chiropractic is duly licensed and actively practicing in the State. For purposes of this subsection, a Doctor of Chiropractic shall be considered "actively practicing" if that Doctor of Chiropractic maintains an office in the State for treatment of patients and is engaged in the practice of chiropractic in the State more than an average of 10 hours per week. For purposes of this section "insurance policy" shall include without limitation all health plans and policies for the payment for ... chiropractic or medical services ... issued by health insurers, health service corporations or managed care organizations.

Section 717(c) follows §§ 717(a) and (b) which provide that a duly licensed chiropractor is deemed competent to offer opinions in courts, administrative agencies, and other tribunals as to matters of causation, permanent impairment and disability, within the scope of chiropractic practice,

provided the testimony is offered to a reasonable degree of chiropractic certainty and there is otherwise an adequate foundation for the admission of such testimony.

Dr. Fasick evaluated the plaintiff on January 4, 2006. At the time, he was both licensed and actively practicing in Delaware. However, he later withdrew from active practice in Delaware and now practices only in Pennsylvania. He is still licensed in Delaware.

Section 717(c) was passed as House Bill No. 472 of the 143rd General Assembly, with House Amendments Nos. 1 and 2. It was effective July 6, 2006, six months after Dr. Fasick conducted his evaluation.

The synopsis of the bill states its purpose:

## SYNOPSIS

This Bill is intended to stop the unfair practice of non-practicing, out-of-state Doctors of Chiropractic becoming licensed in Delaware solely for the purpose of reviewing, and often denying, the treatment given to Delaware residents. In addition, patients who wish to challenge a reviewer's decision will more readily have the opportunity to get an in-person examination in addition to the review.

The plaintiff contends that since Dr. Fasick is not now actively practicing in Delaware, subsection (c) bars him from testifying at trial. The defendant contends that § 717(c) does not apply in this case because State Farm's policy is an automobile liability policy, not a health insurance policy; and State Farm is neither a health insurer, a health service corporation, nor a managed care organization. The defendant argues that 18 *Del. C.* § 3301(1) supports its position.

■ Chapter 33 of Title 18 is entitled "Health Insurance Contracts." It may be cited as the "Uniform Health Policy Provisions Law" (18 *Del. C.* § 3302); and it regulates health insurance policies. Sections 3301(1) through (4) define the scope of the chapter, and provide that it does not apply to certain insurance policies including (1) "[a]ny policy of liability or workers' compensation insurance ...," (2) "[a]ny group or blanket policy," (3) "[l]ife insurance, endowment or annuity contracts ..." which contain only certain provisions relating to health insurance, and (4) "[r]einsurance." The defendant contends that an automobile policy is excluded from the scope of health insurance under 18 *Del. C.* § 3301(1), because it is a liability policy which includes coverage for indemnity from legal liability for bodily injury, death or property damage arising out of ownership, maintenance or use of the vehicle.

However, after reviewing Chapter 33 of Title 18, particularly 18 *Del. C.* § 3301, I conclude that § 3301(1) does not support the defendant's argument. It does not define "health insurance" or "health insurance policy." It simply excludes certain types of insurance policies from the scope of Chapter 33. The defendant's argument can be countered with equal force by an argument that § 3301 is needed only for the purpose of excluding from the scope of the chapter certain insurance policies which, without § 3301, might be considered health insurance or as containing health insurance.

The phrases "health insurance policy" or "health insurance plan," or "health insurer" do not seem to have any specific statutory definition.

However, Chapter 9 of Title 18, which defines kinds of insurance, defines "health insurance" as follows:

Health insurance is insurance of human beings against bodily injury, disablement or death by accident or accidental means, or the expense thereof, or against disablement or expense resulting from sickness, and every insurance appertaining thereto.

It can be seen that the definition of health insurance is quite broad and literally includes Personal Injury Protection coverage. Liability insurance is defined in §˙ 906(2) of Chapter 9. Section 901 provides that certain insurance coverages may come within the definitions of two or more kinds of insurance, and the inclusion of such coverage within one definition shall not exclude it from another. Thus, a coverage may simultaneously be health insurance and liability insurance. It also follows that one policy may contain two or more kinds of insurance.[1]

For these reasons, I conclude that Personal Injury Protection coverage in an automobile liability police is "health insurance," and, to that extent, an automobile liability policy is also a "health insurance policy" and State Farm a "health insurer." The defendant's contention that § 717(c) does not apply to chiropractic opinions offered to determine eligibility for Personal Injury Protection is rejected.

■ The next issue arises from the fact that Dr. Fasick was both licensed and actively practicing in Delaware when he conducted his evaluation of the plaintiff on January 4, 2006, but later withdrew from active practice in Delaware.[2] The question presented is whether his decision to close his Delaware practice leaves him now barred from offering his opinion at trial. On this question, I find that the statute is ambiguous. The statute lacks clarity as to whether its requirements must be satisfied when the chiropractor testifies at trial, as the plaintiff contends, or whether they are satisfied if the doctor is duly licensed and actively practicing when he performs the evaluation which forms the basis for his opinion.

■ "The goal of statutory construction is to determine and give effect to legislative intent."[3] "If the statute is unambiguous, there is no room for interpretation, and the plain meaning of the words controls."[4] "[W]hen a statute is ambiguous and its meaning may not be clearly ascertained, the Court must rely upon its methods of statutory interpretation and construction to arrive at what the legislature meant."[5] In so doing, the Court must construe the statute " 'in a way that will promote its apparent purpose and harmonize it with other statutes' within the statutory scheme."[6] In other words, the statute must be read as a whole "in a manner that avoids absurd results."[7] The

---

1. *Galiotti v. Travelers Indem. Co.,* 333 A.2d 176 (Del.Super.1975).

2. His evaluation of the plaintiff was conducted in his Delaware office at 536 Greenhill Avenue, The Court, Wilmington, DE 19805.

3. *LeVan v. Independence Mall, Inc.,* 940 A.2d 929, 932 (Del.2007) (quoting *Eliason v. Englehart,* 733 A.2d 944, 946 (Del.1999)). Legislative intent may be deduced from a statute's synopsis. *See Leatherbury v. Greenspun,* 939 A.2d 1284, 1289–90 (Del.2007) (finding that the "preamble" and "synopsis accompanying the amendment" to a bill were "instructive" in determining legislative intent); *Carper v. New Castle County Bd. of Educ.,* 432 A.2d 1202, 1205 (Del.1981) ("The synopsis of the Bill, a proper source from which to glean legislative intent. . . .").

4. *Rubick v. Security Instrument Corp.,* 766 A.2d 15, 18 (Del.2000); *see also Seth v. State,* 592 A.2d 436, 440 (Del.1991) ("[W]hen statutory language is both clear and consistent with other provisions and with legislative purpose and intent, a court must give effect to that intent because it is for the legislature, and not the courts, to declare the public policy of the state.").

5. *Coastal Barge Corp. v. Coastal Zone Indus. Control Bd.,* 492 A.2d 1242, 1246 (Del.1985).

6. *LeVan,* 940 A.2d at 933 (quoting *Eliason,* 733 A.2d at 946).

7. *Ingram v. Thorpe,* 747 A.2d 545, 547 (Del. 2000); *see also Del. Bay Surgical Servs., P.C. v. Swier,* 900 A.2d 646, 652 (Del.2006) (quoting *Moore v. Wilmington Housing Auth.,* 619

Court should then consider the statute's history and " 'examine the text of the [statute] and draw inferences concerning the meaning from its composition and structure.' " [8]

If the plaintiff's contention is correct, it would seem to follow that when a Delaware chiropractor with an extensive Delaware practice retires or otherwise withdraws from active practice, he is thereafter barred from giving opinions on behalf of his former patients at any trial concerning their eligibility for Personal Injury Protection benefits at the time of his treatment. This, however, is not the purpose of the statute at all. The synopsis to the bill makes clear that its purpose is to stop nonpracticing, out-of-state chiropractors from becoming licensed in Delaware solely for the purpose of reviewing, and often denying, the treatment given to Delaware residents. I conclude that an interpretation of the statute which would prevent a bona fide Delaware chiropractor from testifying about reviews, evaluations or treatment performed while he is in active practice in Delaware is inconsistent with the purpose of the statute and should be avoided.

Therefore, my conclusion is that the statute's requirements are satisfied if the Doctor of Chiropractic is both duly licensed and actively practicing in Delaware at the time he conducts the review, evaluation or treatment which forms the basis for his opinion. Since Dr. Fasick satisfies this criteria, the plaintiff's Motion *In Limine* is **denied.**

**IT IS SO ORDERED.**

A.2d 1166, 1173 (Del.1993)) ("If uncertainty does exist, the statute must be construed to avoid 'mischievous or absurd results.' ").

8. *Rubick,* 766 A.2d at 18 (quoting *Klotz v. Warner Commc'ns, Inc.,* 674 A.2d 878, 879 (Del.1995)).