PHILLIPS HOME BUILDERS, INC.,
a Delaware corporation,

v.

The TRAVELERS INSURANCE COMPA-
NY, a Connecticut corporation, The
Travelers Indemnity Company of Illi-
nois, an Illinois corporation, The Travel-
ers Indemnity Company, a Connecticut
corporation, The Phoenix Insurance
Company, a Connecticut Corporation,
The Charter Oak Fire Insurance Compa-
ny, a Connecticut corporation, The Trav-
elers Indemnity Company of Rhode Is-
land, a Rhode Island corporation, and
The Travelers Indemnity Company of
America, a Georgia corporation, Defen-
dants Below, Appellees.

No. 350, 1996.

Supreme Court of Delaware.

Submitted: June 12, 1997.

Decided: Sept. 10, 1997.

Rehearing Denied: Oct. 3, 1997.

C. Malcolm Cochran, IV (argued) and Jeffrey L. Moyer, of Richards, Layton & Finger, Wilmington, for Appellant.

Armand J. Della Porta, Jr., of Kelly, Jasons, McGuire & Spinelli, Wilmington; Thomas S. Brown (argued), of Hecker Brown Sherry and Johnson, Philadelphia, PA, of counsel, for Appellees.

Before VEASEY, C.J., WALSH, HOLLAND, HARTNETT and BERGER, JJ., constituting the Court en banc.

BERGER, Justice:

This is an insurance coverage case arising out of damages that occurred during the construction of a shopping center. The Superior Court construed the insurance policy and determined that the insured's loss was excluded from coverage. We find the relevant contract language ambiguous. Accordingly, following settled law governing the interpretation of insurance contracts, we apply the principle of *contra proferentem* and construe the policy provision against the insurer. The Superior Court's decision granting summary judgment to the insurance company is REVERSED and the case is REMANDED for further proceedings consistent with this opinion.

## I. Background

Phillips Home Builders, Inc. is a construction company with its principal place of business in Middletown, Delaware. In July 1993, after being awarded a contract to build a mini-mall in New Jersey, Phillips purchased a builder's risk insurance policy from The Travelers Insurance Company. Phillips began construction in August and, in November, it poured a concrete slab that was to serve as the floor in one section of the mini-mall. During the first few months of 1994, Phillips discovered that the concrete slab had settled and cracked. The damaged slab, in turn, damaged walls and studs built on or around the slab. In March 1994, Phillips filed a claim under its Travelers policy. Travelers denied the claim on the ground that Phillips' damages were the result of specifically excluded "causes of loss." Phillips responded by filing this action seeking a declaratory judgment, damages and attorneys fees.

## II. Trial Court Decision and Standard of Review

Prior to trial, Phillips filed a motion in limine seeking a ruling as to the proper interpretation of the policy, which provides in relevant part:

A. COVERAGE

We will pay for "loss" to Covered Property from any of the Covered Causes of Loss.

\* \* \* \* \* \*

5. Covered Causes of Loss

Covered Causes of Loss means RISKS OF DIRECT PHYSICAL "LOSS" to Covered Property except those causes of "loss" listed in the Exclusions.

\* \* \* \* \* \*

B. EXCLUSIONS

\* \* \* \* \* \*

3. We will not pay for a "loss" caused by or resulting from any of the following. But if "loss" by a Covered Cause of Loss results, we will pay for that resulting "loss."

\* \* \* \* \* \*

c. Faulty, inadequate or defective:

\* \* \* \* \* \*

(2) Workmanship, repair, construction, renovation, remodeling, grading, compaction;

\* \* \* \* \* \*

e. Settling, cracking, shrinking, bulging or expansion.

Phillips asked the Superior Court to construe the policy as providing coverage where the settling, cracking, etc. (collectively "settling") was caused by a covered cause of loss, such as water seepage. The Superior Court adopted Travelers' interpretation. It ruled that Phillips' losses were caused by settling and not by whatever caused the slab to settle. Since settling is an excluded cause of loss, the trial court ruled that there was no coverage under the Travelers policy.

▮ Summary judgment may be awarded only where there are no genuine issues of material fact in dispute and one of the parties is entitled to judgment as a matter of law.[1] We review the trial court's decision to grant summary judgment *de novo*.[2] The proper interpretation and construction of an insurance contract, also, is subject to *de novo* review.[3]

## III. Discussion

▮ The Superior Court correctly articulated the legal principles governing the interpretation of the Travelers policy. In short, if the relevant contract language is clear and unambiguous, courts must give the language its plain meaning.[4] If there is an ambiguity, however, the contract language is "construed most strongly against the insurance company that drafted it."[5] Thus, a frequently dispositive issue is whether the language is ambiguous. The settled test for ambiguity is whether "the provisions in controversy are reasonably or fairly susceptible of different interpretations or may have two or more different meanings."[6] The trial court noted that the Travelers' policy language is "circuitous and to a degree, ambiguous;" and that, "[Travelers'] effort to provide an insured ... with understandable language fell somewhat short of the mark...."[7] Nonetheless, the Superior Court concluded that Phillips' contract interpretation would largely nullify the exclusion and that, as a result, the only reasonable interpretation was the one offered by Travelers.

We find problems with both sides' interpretations. Neither one gives full effect to all of the contract language and both could be applied in ways that a reasonable person probably would not have intended. The critical language is the second sentence of the quoted exclusion paragraph. The first sentence says that Travelers will not pay for losses caused by or resulting from the events and conditions listed in the subsections. Those include "settling, cracking, shrinking, bulging or expansion." The next sentence provides an exception to the exclusion. It says that Travelers will pay, "if 'loss' by a Covered Cause of Loss results...." What does that mean?

Phillips argues that the exception to the exclusion grants coverage for an excluded condition, such as settling, if the settling is caused by a covered cause of loss. Thus, for example, settling would not be covered if the settling were caused by poor workmanship, another excluded cause of loss. On the other hand, if the settling were caused by a fire, which is a covered cause of loss, then the settling losses would be covered. Phillips' interpretation is not entirely satisfactory because, as the trial court noted, the exception seems to be significantly broader than the exclusion. By the terms of the policy, every risk of direct physical damage is a covered cause of loss unless a particular cause of loss is listed in the exclusions. A relatively small number of events and conditions, such as earthquakes, volcanic eruptions, and nuclear hazards, are listed as exclusions. Thus, most ordinary risks of loss are covered causes of loss and, under Phillips' interpretation, the settling exclusion would be operative only in very limited circumstances.

Travelers takes a different approach. It contends that the exception to the exclusion applies only if a covered cause of loss occurs as a result of an excluded loss. Travelers suggests that if settling caused a fire, the losses associated with the fire would be covered under the exception to the exclusion. The problem with this analysis is that it

1. Super.Ct.Civ.R. 56; *Empire of America Relocation Servs., Inc. v. Commercial Credit Co.*, Del. Supr., 551 A.2d 433, 435 (1988).

2. *United Vanguard Fund, Inc. v. TakeCare, Inc.*, Del.Supr., 693 A.2d 1076, 1079 (1997).

3. *E.I. du Pont de Nemours & Co. v. Allstate Ins. Co.*, Del.Supr., 686 A.2d 152 (1996).

4. *Playtex F.P., Inc. v. Columbia Cas. Co.*, Del. Supr., 622 A.2d 1074, 1076 (1992).

5. *Rhone–Poulenc Basic Chems. Co. v. American Motorists Ins. Co.*, Del.Supr., 616 A.2d 1192, 1196 (1992).

6. *Id.*

7. *Phillips Home Builders, Inc. v. Travelers Ins. Co.*, Del.Super., C.A. No. 94C–12–076, 1996 WL 527237, at *3, 4 (July 18, 1996).

ignores the fact that settling can be both a loss and a cause of loss. Under Travelers' interpretation, losses caused by settling are not covered and losses caused by a fire resulting from settling are covered. Travelers does not explain how its policy language operates in a situation such as this one, where the settling is not the cause of the damage; settling is the damage. If we were to assume that fire caused the settling in this case, it would appear that the settling damage would not be covered by the exception or the exclusion. The loss was not caused by settling and the settling did not cause the fire. Thus, Travelers' interpretation is not satisfactory because it does not account for the circumstances presented by this case.

We conclude that the policy language at issue is ambiguous. Both sides offer reasonable, though problematic, interpretations of provisions that lack consistency and specificity. Travelers had the opportunity and responsibility to state the terms of its coverage and exclusions in clear and understandable language. "Convoluted or confusing terms are the problem of the insurer ... not the insured." [8] Applying the principle of *contra proferentum* to this ambiguous contract language, we hold that the policy affords coverage for losses from settling if the settling was caused by a covered cause of loss.

There remains a factual question as to the actual cause of the damage to the concrete slab. Phillips maintains that the cause was water seepage and frost heave following heavy rain and severe winter storms. Travelers appears to argue that the cause was faulty workmanship. This is a factual issue that must be decided by the trial court on a complete record.[9]

### IV. Conclusion

Based on the foregoing, the judgment of the Superior Court is REVERSED and this matter is REMANDED for further proceedings consistent with this opinion. Jurisdiction is not retained.

---

**8.** *Penn Mutual Life Ins. Co. v. Oglesby*, Del.Supr., 695 A.2d 1146, 1149–50 (1997).

**9.** In its ruling on the issue of contract interpretation, the trial court refused to consider a letter from Phillips' expert opining as to the cause of the cracked slab and related damage. We assume that ruling will not govern future proceedings necessitated by this decision.