IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| KIRK D. ALBERTSON, and | § | |
| EDWARD M. ALBERTSON, | § | No. 126, 2014 |
| | § | |
| Defendants Below- | § | |
| Appellants, | § | Court Below: Superior Court |
| | § | of the State of Delaware in and |
| v. | § | for Kent County |
| | § | |
| BAC HOME LOAN | § | |
| SERVICING, LP FKA | § | |
| COUNTRYWIDE HOME LOANS | § | |
| SERVICING LP, | § | C.A. No. K10L11105 |
| | § | |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: July 30, 2014
Decided: October 1, 2014

Before **STRINE**, Chief Justice, **HOLLAND**, and **RIDGELY**, Justices.

### *O R D E R*

On this 1st day of October 2014, it appears to the Court that:

(1) Defendants-Below/Appellants Kirk D. Albertson ("Kirk") and Edward M. Albertson ("Edward M.") (collectively, the "Albertsons") appeal from a final judgment of the Superior Court foreclosing on their property following a grant of summary judgment to Plaintiff-Below/Appellee BAC Home Loans Servicing, L.P., f/k/a Countrywide Home Loan Servicing, L.P. ("BAC").

(2) The Albertsons raise three claims on appeal. First, they contend that BAC provided insufficient notice of acceleration of the mortgage and foreclosure.

Second, the Albertsons argue that Edward M.'s life estate terminated upon his failure to pay the mortgage, and resulted in the transfer of the property to Kirk free of the mortgage. And third, the Albertsons contend that BAC did not provide sufficient evidence demonstrating that it had the authority to foreclose upon the mortgaged property. We find no merit to any of the Albertsons' claims. Accordingly, we affirm.

(3) Dolores Albertson owned certain real property in Kent County, Delaware (the "Property") in fee simple. Upon Dolores' death, her will conveyed the Property to her husband Edward M. in the form of a life estate subject to a condition subsequent, requiring Edward M. to pay and discharge all the expenses to maintain the premises, including any mortgage. The remainder interest in the life estate was granted to their son, Kirk. On March 30, 2007, Kirk signed a quitclaim deed transferring the remainder interest to both Kirk and Edward M. as tenants in common while reserving a life estate to Edward M.

(4) On February 28, 2008, Kirk and Edward M. took out a $200,000 mortgage loan from Quicken Loans Inc. In the mortgage, Quicken nominated Mortgage Electronic Registration Systems, Inc. (MERS) to act as mortgagee and nominee for Quicken Loans Inc. MERS then assigned the mortgage to BAC on July 22, 2009. The assignment form was signed by Mary Kist, an employee of BAC and an agent on behalf of MERS.

(5) The Albertsons defaulted on the mortgage in 2010. As required by the mortgage, BAC notified the Albertsons by first-class mail of its intent to accelerate foreclosure proceedings. Thereafter, BAC initiated foreclosure proceedings. Both parties filed a series of motions, which contributed to a number of delayed responses to requests throughout the proceedings. The Albertsons filed a motion to dismiss, which the court converted to a motion for summary judgment, and denied on May 15, 2012. The parties later filed cross-motions for summary judgment. The trial court granted BAC's motion and denied the Albertsons' motion.[1] This appeal followed.

(6) We review a Superior Court's grant of summary judgment *de novo*.[2] "This review extends to both 'the facts and the law in order to determine whether or not the undisputed facts entitled the movant to judgment as a matter of law.'"[3] "We 'must view the evidence, and all reasonable inferences therefrom, in the light most favorable to the non-moving party and determine whether an issue of material fact exists such that summary judgment was improper.'"[4] Under Delaware law, "[a]n assignment of a mortgage or any sealed instrument attested by 1 creditable

---

[1] *BAC Home Loans Servicing, LP v. Albertson*, 2014 WL 637659 (Del. Super. Ct. Feb. 10, 2014).

[2] *Phillips Home Builders, Inc. v. Travelers Ins. Co.*, 700 A.2d 127, 129 (Del. 1997) (citing *United Vanguard Fund, Inc. v. TakeCare, Inc.*, 693 A.2d 1076, 1079 (Del. 1997)).

[3] *State Farm Mut. Auto. Ins. Co. v. Davis*, 80 A.3d 628, 632 (Del. 2013) (quoting *United Vanguard Fund*, 693 A.2d at 1079).

[4] *Id.* (quoting *Acro Extrusion Corp. v. Cunningham*, 810 A.2d 345, 347 (Del. 2002)).

witness shall be valid and effectual to convey all the right and interests of the assignor."[5]

(7) As to the instant case, we assume without deciding that the Albertsons had standing to challenge the assignment at issue. The issue of whether and, if so, when mortgagors have standing is an important one that we need not and therefore do not reach to decide this appeal because the Albertsons' claims substantively lack merit. The assignment here was witnessed by more than one creditable witness and notarized. The record also indicates that MERS was properly designated as the assignor of the mortgage, and that BAC assumed the authority to enforce the mortgage upon the execution of the assignment. Accordingly, the Albertsons have failed to make a showing sufficient to establish a genuine issue of material fact. BAC is entitled to judgment as a matter of law.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is **AFFIRMED.**

BY THE COURT:

/s/ Henry duPont Ridgely
Justice

---

[5] 25 *Del. C.* § 2109.

4