**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

MICHAEL ANDERSON, SR., and ) 
CHRISTY ANDERSON, husband and )
wife, )
 )
              Plaintiffs, )    C.A. No.: N24C-08-146 EMD
 )
              v. )
 )
STATE FARM FIRE AND CASUALTY )
COMPANY, a foreign corporation, )
 )
              Defendant. )

Submitted:  June 27, 2025
Decided: September 19, 2025

*Upon Defendant's Motion to Dismiss or in the Alternative for Summary Judgment*
***GRANTED***

James Gaspero, Esquire, Nitsche & Fredericks, LLC, Wilmington, Delaware. *Attorneys for Plaintiffs Michael Anderson, Sr. and Christy Anderson.*

Daniel P. Daly, Esquire, Casarino Christman Shalk Ransom & Doss, P.A., Wilmington, Delaware. *Attorneys for Defendant State Farm Fire and Casualty Company.*

**DAVIS, P.J.**

## I.      INTRODUCTION

This is a civil action related to an insurance contract.  Specifically, this action arises from claims made under a Renter's Insurance Policy (the "Policy).[1]  Plaintiffs Christy and Michael Anderson, Sr. (collectively, the "Andersons") filed their Complaint on August 15, 2024.[2]  The Andersons contend that Defendant State Farm Fire and Casualty Co. ("State Farm") is liable for

---

[1] D.I. No. 1 at ¶¶ 18, 20-24 (hereafter, the "Compl."); D.I. No. 5 at ¶1 (hereafter, the "Def.'s Mot.").
[2] Compl. at ¶ 1.

failing to provide insurance benefits allegedly owed under the Policy.[3]  State Farm has not filed an answer to the Complaint; however, State Farm contends the Andersons' claim is time-barred by the policy's suit limitation provision.[4]

In response to the Complaint, State Farm filed Defendant's Motion to Dismiss or in the Alternative for Summary Judgment (the "Motion") on September 18, 2024.[5]  The Motion seeks to dismiss the Complaint for failing to state a claim under Civil Rule 12(b)(6) and, alternatively, summary judgment under Civil Rule 56(c).[6]  On October 4, 2024, the Andersons filed their Plaintiffs' Response in Opposition to Defendant's Motion to Dismiss or in the Alternative for Summary Judgment (the "Response").[7]

After briefing, the Court gave notice under Civil Rule 12(b)(6) that the Motion may be one treated as a motion under Civil Rule 56.[8]  The Court invited the parties to provide additional evidence, exhibits or affidavits pertinent to the Motion.[9]  The parties did not file any additional papers and the Court took the matter under advisement on June 27, 2025.[10]

For the reasons set forth below, the Motion is **GRANTED**.

---

[3] *Id.* ¶¶ 14, 21 ("Plaintiffs submitted a claim with Defendant for the loss of property . . . [Defendant] denied the Plaintiffs' claim for damages [allegedly causing] Plaintiffs [to suffer] foreseeable damages.").
[4] Def's Mot. ¶ 8 ("Plaintiffs' suit must be dismissed as untimely per the clear and unambiguous language of the subject policy.").
[5] *See id.* at ¶ 1.
[6] *See id.*
[7] *See* D.I. No. 6. at 1 (hereafter, the "Pls.' Resp.").
[8] D.I. No 7.
[9] *Id.*
[10] D.I. No. 8.

## II.     FACTS

### A.  THE POLICY

The Andersons contracted with State Farm for renter's insurance policy—the Policy, policy number 08-BP-E373-1.[11]  The Policy insured the Andersons' personal property at 23 Autumn Moon Lane, Magnolia, Delaware 19962 (the "Rental") from October 12, 2020, to October 12, 2021.[12]  The Andersons resided at the Rental until a fire destroyed the residence on May 24, 2021.[13]

The Policy contains provisions relating to suits against State Farm.  Paragraph 6 of Section I provides:

> **Suit Against Us.**  No action will be brought against [State Farm] unless there has been full compliance with all the policy provisions.  Any action by any party must be started within one year after the date of loss settlement or the denial of the claim by [State Farm].[14]

### B.  THE NOTICE OF NON-RENEWAL

On September 7, 2021, State Farm sent the Andersons notice (the "Non-Renewal Notice") that the Policy would not be renewed because the Rental was unoccupied.[15]  The Andersons claim they did not receive the Non-Renewal Notice because the notice was allegedly sent to the wrong address.  The Andersons maintain that State Farm sent the Non-Renewal

---

[11] Compl. ¶¶ 4, 7 (stating the Policy was "binding, valid, and enforceable insurance contract under Delaware Law"); Def.'s Mot. ¶ 3.

[12] Compl. ¶ 4 (stating the "policy insured Plaintiffs' residence at [the Rental]"); Def.'s Mot. ¶ 3 ("Plaintiffs' residence was covered under a Renter's Policy of Insurance issued by State Farm."); *see* Def.'s Ex. 5 at 12 ("[The Policy] cover[s] personal property owned or used by the insured . . . ."); *see also* Def.'s Ex. 2 at 2 (stating the effective dates of the policy as October 20, 2020, to October 20, 2021, beginning and ending at 12:01 a.m. standard time).

[13] Compl. ¶¶ 6-7 ("Plaintiffs' residence at [the Rental] burnt down . . . [t]he dwelling was no longer occupied."). The two paragraphs successively designated as "4" in Defendant's Motion will be: (i) "4a" and (ii) "4b." Def.'s Mot. ¶¶ 2, 4a (noting Plaintiffs' claim for losses incurred due to the fire was settled and is not at issue in the instant suit).

[14] Def.'s Ex. 4 at 18 (emphasis in original).

[15] Compl. ¶ 7; Def.'s Mot. ¶ 4b; Def.'s Ex. 3 at 2 (stating the Policy's "coverage cannot be extended beyond [October 12, 2021, 12:01 a.m.]" because the "[t]he dwelling [was] no longer occupied.").

3

Notice to a former residence at 930 Washington Street, New Castle, Delaware 19720 (the "Former Residence").[16]

The Andersons assert State Farm was obligated to send the Non-Renewal Notice to the Rental because: (i) the Rental's address is the "location of residence" in the Policy;[17] (ii) the Andersons have not lived at the Former Residence since October 9, 2020;[18] and (iii) the Andersons changed their address with State Farm sometime between October 12, 2020, and May 24, 2021.[19]

## C. THE BREAK-IN

After the fire, the Andersons moved some of their personal property into a shed at the Rental.[20] The Andersons' personal property was stolen from the shed on December 1, 2021.[21] The Andersons submitted a claim to State Farm on December 7, 2021, for property loss resulting from the robbery (the "Theft Claim").[22] State Farm denied the Theft Claim because "the loss occurred beyond the effective dates of the subject policy."[23]

---

[16] Compl. at ¶¶8-9 ("Plaintiffs . . . did not receive the notice of nonrenewal."); Def.'s Ex. 3 at 2 (addressing the non-renewal notice to the former residence).

[17] Compl. at ¶¶10-11 (claiming "[t]he proper address for Plaintiffs to receive the non-renewal notice was [the Rental]" because the Policy lists the Rental address as the location of residence); Def.'s Ex. 2 at 2 (listing the Rental's address in the "Declarations" as the "Location of Residence Premises" but the document's mailing address as "930 Washington Street, New Castle, Delaware 19720"); Def.'s Ex. 5 at 9. (**"Declarations"** means the policy **Declarations**, any amended **Declarations**, the most recent renewal **Declarations**, an Evidence of Insurance form, or any Endorsement changing any of these.") (emphasis in original).

[18] Compl. at ¶9 ("Plaintiffs have not resided at 930 Washington Street, New Castle, Delaware 19720 since October 9, 2020.").

[19] Id. ¶ 5 (alleging Plaintiffs changed their mailing address with Defendant" to that of the Rental sometime before May 24, 2021).

[20] Id. ¶ 11.

[21] Id. ¶ 13.

[22] Id. ¶ 14; Def.'s Mot. ¶ 6.

[23] Compl. ¶ 14; see also Def.'s Ex. 4 (denying the Plaintiffs' claim on Dec. 7, 2021).

**D. THE *"SUIT AGAINST US"* PROVISION**

State Farm responded to the Theft Claim on December 7, 2021.[24] State Farm sent an email with three letters attached.[25] The first two letters (the "CA Letters") were identical.[26] Unlike the Non-Renewal Notice, State Farm sent the CA Letters to the Andersons at the Rental address.[27]

The CA Letters appear to comply with the notice requirements of The California Fair Claims Practices Regulations by presenting a "Legal Action Against Us" suit limitation provision.[28] But the CA Letters suit limitation provision differs from the Policy's provision.[29] The Policy provides for a one-year limitation and the CA Letters reference a two-year limitation on suit.[30] Nonetheless, the California statute of limitation provision purportedly provides notice that legal action against State Farm must commence within two years after the date of loss.[31]

State Farm sent a third letter (the "DE Letter") which was only addressed to Ms. Anderson.[32] The DE Letter purports to comply with "Delaware law" by providing a "Notice of Delaware Statute of Limitations" in bold.[33] The DE Letter explains that the Policy's one-year provision supersedes Delaware's three-year statute of limitations if a claim is settled or denied.[34]

---

[24] Pls.' Resp. ¶ 9 (noting Defendant's responded sending an email to Plaintiff Christy Anderson with three letters attached); *see generally* Def.'s Ex. 4.

[25] Pls.' Resp. ¶ 9; *see generally* Def.'s Ex. 4.

[26] Pls.' Resp. ¶ 9; *see generally* Def.'s Ex. 4.

[27] *See* Pls.' Resp. ¶¶ 9-10; *see also* Def.'s Ex. 4 at 3-6 (listing Plaintiffs' address as the Rental); Def.'s Ex. 3 at 2 (showing the nonrenewal letter was sent to Plaintiffs' former address).

[28] *See* Pls.' Resp. ¶ 10; *see also* Def.'s Ex. 4 at 3-6; *see also* Cal. Code Regs. tit. 10, § 2695.7(f).

[29] *Compare* Def.'s Ex. 4 at 3-6 ("Legal Action Against Us."), *with* Def.'s Ex. 5 at 18 ("Suit Against U**s."**).

[30] *Id.*

[31] *See* Pls.' Resp. ¶ 10; *see also* Def.'s Ex. 4 at 3-6 (stating legal action against State Farm must be brought within two years of the date of loss unless "the law of the state in which this policy is issued allows more than two years to bring legal action against us, that longer period of time will apply").

[32] *See* Pls.' Resp. ¶ 11.

[33] Def.'s Ex 4 at 7 ("By operation of Delaware law we are required to provide the following notices[.]"); *see also* Def.'s Ex. 5 at 35 ("Joint and Individual Interests. When there are two or more Named Insureds, each acts for all to cancel or change the policy.") (emphasis in original)

[34] *See* Pls.' Resp. ¶ 11; Def.'s Ex 4 at 7.

5

### E. THE COMPLAINT

The Complaint alleges State Farm breached the Policy by: (i) failing to cover the Theft Claim[35] and (ii) terminating the Policy without proper notice.[36] The Andersons contend the Policy obligates State Farm to cover the Theft Claim because State Farm's service of the Non-Renewal Notice was ineffective.[37] The Andersons argue State Farm's non-renewal decision was ineffective because State Farm sent notice to the incorrect address.[38] As such, the Andersons maintain that State Farm cannot contend that the auto-renewing Policy had been canceled.[39] The Andersons support their contentions by asserting: (i) the Policy lists the Rental as the Andersons' location of residence[40] and (ii) the Andersons changed their mailing address with State Farm from the Former Residence to the Rental's address before the notice was issued.[41]

The Andersons claim State Farm's breach deprived them of: (i) insurance benefits owed under the Policy,[42] and (ii) the opportunity to secure new insurance to cover the December 1,

---

[35] Compl. ¶ 21 (alleging Defendant breached the Policy by "fail[ing] to perform [Defendant's] duties and/or obligations under the policy" by "deny[ing] the Plaintiffs' claim for damages as a result of the loss").

[36] *Id.* ¶ 20 ("Defendant . . . breached the contract with Plaintiffs due to the incorrect service of the non-renewal notice."); *but see* Pls.' Resp. ¶ 1 (alleging in Plaintiffs' response that Plaintiffs asserted in the Complaint "a claim of breach of contract against Defendant due to Defendant's failure to renew Plaintiffs' Renters Insurance and sending the notice of non-renewal to Plaintiffs' former residence").

[37] Compl. at ¶18.

[38] *See id.* ¶¶ 7-8, 10, 15, 18, 20(contending Plaintiffs' December 7, 2021, claim "is covered under the policy due to Defendant's failure to deliver the non-renewal notice to the correct address"); *see also* Def.'s Ex 2 at 2 (stating in the Declarations that the policy "will be renewed automatically" and "[i]f the policy is terminated, [State Farm] will give [Plaintiffs] written notice in compliance with the policy provisions or as required by law").

[39] *See id.* ¶¶ 7-8, 10, 15, 18, 20; *see also* Def.'s Ex. 2 at 2.

[40] Compl. ¶ 11; *see* "Ex. 5 at 11 "'*[R]esidence premises*' means . . . the . . . dwelling, other structures and grounds; or . . . any other *building structure*; where you reside and which is shown in the **Declarations**.") (emphasis in original); *compare* Def. Ex. 2 at 2 (displaying Plaintiffs' mailing address in the "Declarations" as: "Anderson, Christy & Michael, 930 Washington St. New Castle, DE 19720-6001"), *with* Def. Ex. 2 at 2 *(*displaying Plaintiffs' "[l]ocation of [r]esidence [p]remises" as 23 Autumn Moon Ln Magnolia DE 19962-1743).

[41] Compl. ¶ 5 (alleging Plaintiffs changed their address with Defendant sometime between October 12, 2024, and May 24, 2021); *cf.* Def.'s Mot. ¶¶ 2, 4a (noting Plaintiffs' May 24, 2021, claim for losses incurred due to the fire was settled so Plaintiff somehow received correspondence regarding and satisfying that claim but the record does not say to which address correspondence concerning that claim was sent).

[42] Compl. ¶ 24.

6

2021, claims.[43]  The Andersons "demand judgment against [State Farm] in the amount of": (i) $25,000 plus interest; (ii) attorney fees; and (iii) Court costs.[44]

### III.    PARTIES' CONTENTIONS

#### A. THE MOTION

State Farm moves to dismiss the Complaint because the Policy amends the statute of limitations from three years to one year.[45]  State Farm observes that the Complaint alleges that State Farm breached the Policy occurred on December 7, 2021.[46]  State Farm notes that the Complaint was filed almost three years later, on August 15, 2024.[47]

#### B. THE ANDERSONS' RESPONSE

The Andersons contend that the Motion should be denied because the Complaint was timely filed in reliance on State Farm's inadequate notices in the letters.[48]  The Andersons make additional arguments.  The Andersons maintain they were unaware of the Policy's provision limiting the statute of limitations to one year because that provision was allegedly inconspicuous.[49]  The Andersons also argue that State Farm should be estopped because State Farm's suit limitation notices do not comply with Delaware public policy's notice requirement for limitation periods.[50]  The Andersons note that State Farm's three December 7, 2021, letters cannot satisfy 18 *Del. C.* §3914 or 18 *Del. C.* § 4129.[51]  The Andersons assert the one-year provision cannot apply because "none of the three letters state that the [Andersons'] claims

---

[43] *Id.* ¶ 16.
[44] *Id.*  ¶ 4.
[45] Def.'s Mot.¶¶ 8, 15 (alleging Plaintiffs' suit must be dismissed because it is "untimely per the clear and unambiguous language of the subject policy").
[46] Def.'s Mot. ¶¶ 7, 14; Compl. ¶ 14.
[47] Def.'s Mot. ¶ 15; Compl. ¶ 1.
[48] Pls.' Resp. ¶¶ 13-15.
[49] *Id.* ¶ 6 ("There is nothing done in the presentation of the "Suit Against Us" provision to draw Plaintiffs' attention to it "on page 18 of a 31-page policy.").
[50] *Id.* ¶¶ 7, 13.
[51] *Id.* ¶ 13.

[were] denied."[52] The Andersons support this assertion by noting the third letter states a three-year statute of limitations applies unless "there is a settlement of the loss or a denial."[53]

Lastly, the Andersons contend that, even if the limitation period notices in State Farm's letters comply with public policy, the multiple limitation periods were "misleading."[54] The Andersons rely upon State Farm's notice stating the Andersons had three years from the date of the Defendant's alleged breach to file a lawsuit.[55] The Andersons assert that "[when] the letters are read together there is an indication that the longer time period under [Delaware] law will be applied."[56]

## IV.    STANDARDS OF REVIEW

### A. MOTION TO DISMISS

A motion to dismiss under Civil Rule 12(b)(6) requires the Court to: (i) accept well-pleaded factual allegations in the complaint as true, (ii) accept vague allegations as well-pled if they give the opposing party notice of the claim, (iii) draw all reasonable inferences in favor of the non-moving party, and (iv) only dismiss a case if the non-moving party would not prevail under any reasonably conceivable set of circumstances.[57] The Court must "ignore conclusory allegations that lack specific supporting factual allegations."[58]

---

[52] *See Id.* ¶ 12 ("[T]he letters state that [the Policy] was canceled. . . and no coverage is available."); *but see* Compl. ¶¶ 19, 21 (admitting Defendant denied Plaintiffs' December 7, 2021, claims: (i) "[Defendant] has maintained their position **denying** the December 1, 2021[sic] claim" (ii) "[Defendant] **denied** the Plaintiffs' claim for damages") (emphasis added).

[53] Pls.' Resp. ¶ 11 (stating the third letter "contains information about 'Notice of Delaware Statute of Limitations'.[sic] This entire section is in bold").

[54] *See id.* ¶¶ 7-14.

[55] *Id.* ¶ 15.

[56] *Id.* ¶ 14.

[57] *See Central Mortg. Co. v. Morgan Stanley Mortg. Capital Holdings LLC*, 27 A.3d 531, 535 (Del. 2011); *see also Doe v. Cedars Academy*, 2010 WL 5825353, at *3 (Del. Super. Oct. 27, 2010) ("[A] complaint may not be dismissed unless it is clearly not viable, which may be determined as a matter of law or fact.").

[58] *Ramunno v. Crawley*, 705 A.2d 1029, 1034 (Del. 1998); *cf. VLIW Tech., LLC v. Hewlett-Packard Co.*, 840 A.2d 606, 611 (Del. 2003) ("[U]nder Delaware's judicial system of notice pleading, a plaintiff need not plead evidence. Rather, the plaintiff need only allege facts that, if true, state a claim upon which relief can be granted.").

The Court may not consider documents outside the complaint unless the documents are integral to the complaint or incorporated by reference.[59] A motion to dismiss becomes a motion for summary judgment if the Court considers matters outside the pleadings.[60]

The Andersons argue the Exhibits attached to the Motion convert the Motion from consideration under Civil Rule 12(b)(6) to one under Civil Rule 56.[61] The Motion, however, does not bifurcate its analysis between failure to state a claim and summary judgment; the Andersons' Response may make that bifurcation.[62] Nonetheless, the Court may consider the Motion's exhibits under either standard because they are referenced in the Complaint: Defendant's Exhibit 2: (i) the "Declarations" of the Policy;[63] (ii) Defendant's Exhibit 3: the non-renewal notice sent by Defendant on September 7, 2021;[64] (iii) Defendant's Exhibit 4: Defendant's letter attachments sent on December 7, 2021;[65] and (iv) Defendant's Exhibit 5: The Policy.[66]

---

[59] *Super. Ct. Civ. R. 12(b)(6)* (permitting dismissal upon "failure of the pleadings to state a claim upon which relief can be granted"); *Winshall v. Viacom Int'l, Inc.,* 76 A.3d 808, 818 (Del. 2013) ("A plaintiff cannot reference certain documents outside the complaint and at the same time prevent the court from considering those document's actual terms."); *In re Santa Fe Pac. Corp. S'holder Litig.*, 669 A.2d 59, 70 (Del. 1995) ("Without the ability to consider the document at issue, complaints that quoted only selected and misleading portions of such documents could not be dismissed under Rule 12(b)(6) even though they would be doomed to failure."); *Amalgamated Bank v. Yahoo! Inc.*, 132 A.3d 752, 797 (Del. Ch. Feb. 2, 2016) (noting a court may "review the actual document referenced in the complaint to ensure that the plaintiff has not misrepresented its contents and that any inference the plaintiff seeks to have drawn is a reasonable one"); *Furnari v. Wallpang, Inc.*, 2014 WL 1678419, at *4 (Del. Super. Apr. 16, 2014) ("Where an agreement plays a significant role in the litigation and is integral to the plaintiff's claims, it may be incorporated by reference without converting the motion to a summary judgment."); *Freedman v. Adams, 2012 WL 1345638*, at *5 (Del. Ch. Mar. 30, 2012) ("When a plaintiff expressly refers to and heavily relies upon documents in her complaint, these documents are considered to be incorporated by reference into the complaint.").

[60] *Del. Super. Civ. R. 12(b)(6)* ("[M]atters outside the pleading are presented to and not excluded by the Court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.").

[61] Pls.' Resp. ¶ 3.

[62] *See generally* Def.'s Mot.; *see generally* Pls.' Resp.

[63] Def. Ex. 2 at 3 ("[T]he policy consists of: (1) the Declarations; the Renters Policy; (3) any other forms and endorsements that apply, "including those shown above or as well as those issued subsequent to the issuance of this policy."); Compl. ¶¶ 4, 10.

[64] *See* Def. Ex. 3; Compl. ¶¶ 7,8

[65] *See* Def. Ex. 4; Compl. ¶ 14.

[66] *See* Def. Ex. 5; *see generally* Compl.

9

### B. Summary Judgment

Summary judgment must be granted when a movant demonstrates a claim has no factual basis before trial.[67] The movant must show the record fails to establish an essential element for which the nonmoving party will bear the burden of proof at trial.[68] The record must be considered "in the light most favorable to the nonmoving party."[69] But the Court may deny summary judgment if "the Court concludes a more thorough inquiry into, or development of, the facts would clarify the law or its application."[70] Nonetheless, without a genuine dispute of material fact, there is no need for a trial; the movant is entitled to judgment as a matter of law.[71]

The Court provided notice to the parties that the Court would treat the Motion as a motion under Civil Rule 56.[72] The parties did not supplement the Motion or the Response.

## V. DISCUSSION

To prevail on their breach of contract claim the Andersons must prove: (i) a contract existed; (ii) State Farm breached an obligation imposed by that contract, and (iii) State Farm's

---

[67] *Del. Super. Ct. R. 56(c); see Burkhart v. Davies*, 602 A.2d 56, 59 (Del. 1991) ("Summary judgment, requires the Court to examine the record to determine whether . . . the moving party has demonstrated that there are no material issues of fact in dispute and that the moving party is entitled to judgment as a matter of law."); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24, 327 (1986) (establishing the "summary judgment rule is to isolate and dispose of factually unsupported claims" because the Federal Rules of Civil Procedure demand "just, speedy, and inexpensive determination of every action.").

[68] *See Burkhart*, 602 A.2d at 59 ("The moving party is entitled to a judgment as a matter of law because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof."); *Edmisten v. Greyhound Lines, Inc.*, 49 A.3d 1192 (Del. 2012) (explaining summary judgment is appropriate when an essential element of the non-movant's claim is unsupported by sufficient evidence for a reasonable juror to find in that party's favor).

[69] *See Merrill v. Crothall-Am., Inc.*, 606 A.2d 96, 99 (Del. 1992); *see also Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)) ("[A]ny doubt as to the existence of a genuine issue for trial should be resolved against the moving party").

[70] *US Dominion, Inc. v. Fox News Network, LLC*, 293 A.3d 1002, 1034–35 (Del. Super. Mar. 31, 2023).

[71] *See Celotex* 477 U.S. at 327 ("A right exists to have claims which are adequately based in fact tried to a jury."); *see also Burkhart*, 602 A.2d at 59 ("The Superior Court's Civil Rules are patterned upon the Federal Rules of Civil Procedure."); *Unbound Partners Ltd. P'ship v. Invoy Holdings Inc.*, 2021 WL 1016442, at *4 (Del. Super. Mar. 17, 2021) ("[A] matter should be disposed of by summary judgment whenever ... a trial is unnecessary."); *cf. Merrill*, 606 A.2d at 99 (explaining "[t]he role of a trial court when faced with a motion for summary judgment is to identify disputed factual issues whose resolution is necessary to decide the case, but not to decide such issues.").

[72] D.I. No. 7.

10

breach caused damage to the Andersons.[73]  The Policy's existence is undisputed.[74]  Rather, the parties disagree on the scope of State Farms's obligations under the Policy.[75]

### A. THE POLICY'S *SUITS AGAINST US* PROVISION BARS THE ANDERSONS' CLAIMS.

Contract interpretation begins with the plain language of the parties' agreement.[76] Unambiguous contract terms are binding if also objectively reasonable.[77]  But terms are ambiguous if they are reasonably susceptible to different interpretations.[78]  Ambiguity will be construed "most strongly against the insurance company that drafted it."[79]

The Policy's one-year suit limitation provision is unambiguous and binding.[80]  The "Suit Against Us" clause of the Policy states:

---

[73] *See VLIW Tech., LLC v. Hewlett-Packard Co.*, 840 A.2d 606, 612 (Del. 2003).

[74] Compl. ¶ 4; Def.'s Mot. ¶ 3.

[75] Compl. ¶ 4 ("Plaintiffs' claim . . . is covered under the policy due to Defendant's failure to deliver the nonrenewal notice. . . ."); Def.'s Mot. ¶ 3 ("State Farm denied the claim as the loss occurred beyond the effective dates of the subject policy."); Pls.' Resp. ¶¶ 6, 15 (claiming the Policy's provision shortening the statute of limitations to one year is inconspicuous and that "Plaintiffs relied on the first two of the three [sic] [letters] that they had three years from the date of the breach to file a lawsuit").

[76] *Weinberg v. Waystar, Inc.*, 294 A.3d 1039, 1044 (Del. 2023) ("[T]he goal is to give effect to the intent of the parties."); *RSUI Indem. Co. v. Murdock*, 248 A.3d 887, 905 (Del. 2021) (noting the intent of parties to an unambiguous contract "is ascertained by giving the language its ordinary and usual meaning"); *Twin City Fire Ins. Co. v. Del. Racing Ass'n*, 840 A.2d 624, 628 (Del. 2003) ("Under standard rules of contract interpretation, a court must determine the intent of the parties from the language of the contract."); *E.I. du Pont de Nemours & Co. v. Shell Oil Co.*, 498 A.2d 1108, 1113 (Del. 1985) ("The basic rule of contract construction gives priority to the intention of the parties."); *GRT, Inc. v. Marathon GTF Tech., Ltd.*, 2011 WL 2682898, at *3 (Del. Ch. July 11, 2011) (dismissing claims where a contract provision unambiguously establishes a one-year limitations period).

[77] *Osborn ex rel. Osborn v. Kemp*, 991 A.2d 1153, 1159 (Del. 2010) (recognizing Delaware's adherence to the 'objective' theory of contracts has courts interpret contractual language objectively through the lens of a reasonable third party); *see also Allied Cap. Corp. v. GC-Sun Hldgs., L.P.*, 910 A.2d 1020, 1030 (Del. Ch. 2006) ("When the language of a contract is plain and unambiguous, binding effect should be given to its evident meaning.").

[78] *Zurich Am. Ins. Co. v. Syngenta Crop Prot. LLC*, 314 A.3d 665, 676 (Del. 2024) ("[A] contract is ambiguous only when the provisions in controversy are reasonably or fairly susceptible of different interpretations or may have two or more different meanings.") (citation omitted); *Woodward v. Farm Fam. Cas. Ins. Co.*, 796 A.2d 638, 642 (Del. 2002) (noting an insurance contract is unambiguous "when a court can determine the meaning . . . without any other guide than a knowledge of the simple facts on which, from the nature of language in general, its meaning depends").

[79] *See Woodward*, 796 A.2d at 642; *see, e.g., Phillips Home Builders, Inc. v. Travelers Ins. Co.*, 700 A.2d 127, 129 (Del. 1997) (reversing declaratory judgment for the insurer where an issue of fact remained as to the ambiguous "settling" cause of loss provision in an insurance policy).

[80] Def.'s Ex. 5 at 18.

11

**Suit Against Us.** No action will be brought against *us* unless there has been full compliance with all of the policy provisions. Any action by any party must be started within one year after the date of loss settlement or the date of the denial of the claim by *us*.[81]

The "Suits Against Us" provision expressly limits the Andersons' claims to one year.[82] The Andersons allege that State Farm breached the Policy on December 7, 2021.[83] The Andersons filed the Complaint on August 15, 2024—almost three years after the alleged breach.[84]

### i.      *The "Suits Against Us" provision was conspicuous.*

The Andersons cannot prevail by arguing the "Suits Against Us" provision was inconspicuous. A suit limitation provision decreases the period in which claimants may bring claims for breach.[85] Contracting parties may include a suit limitation provision if such provision: (i) is conspicuous[86] and (ii) does not violate public policy.[87] "Conspicuous terms include '[a] heading in capitals equal to or greater in size than the surrounding text, or in

---

[81] *Id.*

[82] *Id.*

[83] Def.'s Mot. ¶¶ 7, 14; Compl. ¶ 14.

[84] Def.'s Mot. ¶ 15; Compl. at ¶ 1.

[85] *GRT*, 2011 WL 2682898 at *6; *Woodward*, 796 A.2d at 642-43 (affirming summary judgment based on a one-year contractual suit limitations clause because "[t]here is no doubt but that a one-year period of limitation[s] of suit contained in an insurance policy is reasonable and binding upon the insured").

[86] *Woodward*, 796 A.2d at 642 (affirming the language of an insurance policy was unambiguous and conspicuous because "[t]he use of the bolded title '**Suit Against Us'** and the specific terms 'suit' and 'action' . . . are indicative of filing a lawsuit rather than of filing a claim"); *Conspicuous*, Black's Law Dictionary (12th ed. 2024) ("[C]learly visible or obvious; so written, displayed, or presented as to cause a reasonable person who is involved in a transaction to notice. Whether a printed clause is conspicuous as a matter of law . . . depends on the size and style of the typeface."); *cf.* 6 *Del. C.* § 1-201 (defining conspicuous as "so written, displayed, or presented that, based on the totality of the circumstances, a reasonable person against which it is to operate ought to have noticed it").

[87] *GRT*, 2011 WL 2682898 at *3 ("Delaware law does not have any bias against contractual clauses that shorten statutes of limitations because they do not violate the legislatively established statute of limitations, there are sound business reasons for such clauses, and our case law has long upheld such clauses as a proper exercise of the freedom of contract."); *Order of R.R. Telegraphers v. Ry. Express Agency,* 321 U.S. 342, 348–49 (1944) ("Statutes of limitation, like the equitable doctrine of laches, in their conclusive effects are designed to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared."); *see also State Farm Mut. Auto. Ins. Co. v. Mundorf*, 659 A.2d 215, 221 (Del. 1995) ("[T]he public concern frequently overrides either the express terms of an insurance policy or even general principles of contract law.").

contrasting type, font, or color to the surrounding text of the same or lesser size."[88]  The adhesive

nature of an insurance policy does not allow the non-drafting party to reject contract terms they

later find unappealing.[89] The Court may disregard an unambiguous contract provision but only

after a strong showing that disregarding the provision would uphold a public policy interest

stronger than the freedom of contract.[90]

The "Suit Against Us" provision of "SECTION I - CONDITIONS" is the Policy's only

suit limitation provision.[91]  The Andersons' failure to read the contract or understand the

importance of a particular provision does not make a provision inconspicuous.[92]  The heading is

presented in bold to read "Suit Against Us."[93]  The Andersons only needed to read the first page

of the Table of Contents to realize the provision was in the Policy.[94]  The Court cannot discern

an public policy that would need to be upheld over application of this statute of limitation

provision in the Policy.

---

[88] *Waters v. Delaware Moving & Storage, Inc.*, 300 A.3d 1, 23-24 (Del. Super. June 28, 2023) (finding a valuation provision in a one-page contract could have been so hidden or obscured to evade notice by a reasonably prudent person).

[89] *Graham v. State Farm Mut. Auto. Ins. Co.*, 565 A.2d 908, 912 (Del. 1989) (dismissing the argument that an insured may "radically redefine [their] policy simply by proving that he had not been informed of its stated terms in advance of purchase"); *State Farm Mut. Auto. Ins. Co. v. Arms*, 477 A.2d 1060, 1065 (Del. Supr. May 1, 1984) (noting "insurance agreements are classic examples of contracts of adhesion" because it is "difficult for the typical consumer to understand [the policy] fully").

[90] *Cantor Fitzgerald, L.P. v. Ainslie*, 312 A.3d 674, 676–77 (Del. 2024) ("Only a strong showing that dishonoring a contract is required to vindicate a public policy interest even stronger than freedom of contract will induce our courts to ignore unambiguous contractual undertakings.").

[91] *See generally* Def.'s Ex. 5.

[92] See *Pellaton v. Bank of New York*, 592 A.2d 473, 477 (Del. 1991) ("A party to a contract cannot silently accept its benefits, and then object to its perceived disadvantages, nor can a party's failure to read a contract justify its avoidance."); *see also* Pls.' Resp. at ¶6 (arguing circularly in the response that Defendant's argument that Plaintiffs are presumed to have read the contract is not the issue in the instant case because the "[P]laintiffs were not aware of the shortened time to file a lawsuit").

[93] *See* Def.'s Ex. 5 at 25.

[94] *See id.* at 6.

## B. STATE FARM'S SUIT LIMITATION NOTICE COMPLIED WITH DELAWARE LAW.

The Andersons cannot prevail on the theory that State Farm failed to comply with the suit limitation period notice requirements under 18 *Del. C.* § 3914 or §4129.[95]

### i. *State Farm was not required to comply with Section 3914.*

State Farm was not required to comply with the notice requirements of Section 3914 when responding to the Andersons' claim. Section 3914 applies to insurers of casualty insurance policies.[96] The Policy is not a casualty insurance policy.[97]

### ii. *State Farm complied with the requirements of Section 4129.*

The Court finds that State Farm's notice complied with Section 4129. Section 4129 requires property insurers to provide policyholders with prompt and timely written notice of applicable statutory or contractual suit limitations periods.[98] State Farm provided the Andersons with prompt written notice by emailing notice on the same day the claim was submitted.[99] The DE Letter complied with the Policy because a letter to either named individual on the Policy constitutes notice.[100] The DE letter's notice stated:

---

[95] Pls.' Resp. ¶¶ 7, 13.

[96] 8 *Del. C.* §3914 ("An insurer shall be required during the pendency of any claim received pursuant to a casualty insurance policy to give prompt and timely written notice to claimant informing claimant of the applicable state statute of limitations regarding action for his or her damages."); *Woodward,* 796 A.2d at 644 ("[T]his Court has consistently held that only a *casualty* insurer is required to notify an insured or a third-party claimant of the applicable *state* statute of limitations pursuant to [S]ection 3914.") (emphasis in original).

[97] Def.'s Ex. 5 at 12 ("We cover personal property owned or used by the insured . . . .").

[98] 18 *Del. C.* §4129 ("During the pendency of any claim received pursuant to a property insurance policy, the insurer shall be required to give prompt and timely written notice to a policyholder making a claim informing the policyholder of the applicable state statute of limitations or any contractual period of limitations regarding the filing of an action for the claimant's damages under the contract.").

[99] *Compare* Def.'s Ex. 4 at 2 (stating the suit limitation notice letters were sent on Dec. 7, 2021), *with* Compl. ¶ 14 ("Plaintiffs submitted a claim with Defendant for the loss of property due to the robbery on December 7, 2021[.]").

[100] *Cf.* Def.'s Ex. 5 at 35 ("Joint and Individual Interests. When there are two or more Named Insureds, each acts for all to cancel or change the policy.") (emphasis in original).

Notice of Delaware Statute of Limitations

*Please be advised that you have three years from the date a dispute arises to bring a lawsuit against State Farm Fire and Casualty Company in regards to this claim. However, under the terms of your policy in the event we make a settlement of the loss or your claim is denied, the time to bring a lawsuit against State Farm Fire and Casualty Company is one year from the date of loss settlement or denial.*[101]

The DE Letter informed the Andersons that Delaware's statute of limitations allows a claim to be brought against State Farm for three years from the date a dispute arises.[102]  The DE letter also explained the statutory limitation period is unavailable because the Policy decreased the statute of limitations to one year from settlement or denial.[103]

## C. PLAINTIFFS ADMITTED DEFENDANT'S DENIED THE ANDERSONS' THEFT CLAIM.

The Andersons plead in the Complaint that State Farm denied their claims twice.[104]  As such, the Court cannot agree with the Anderson's argument that the "Suits Against Us" provision is inapplicable because "none of the three letters state that the Plaintiffs' claims [were] denied."[105]

## D. ESTOPPEL CANNOT APPLY BECAUSE THE ANDERSONS' RELIANCE WAS UNREASONABLE.

The Court finds that the Andersons cannot prevail on the contention that State Farm is estopped from enforcing the "Suits Against Us" provision because the multiple limitation periods could be "misleading."[106]  Equitable estoppel tolls the statute of limitations where a defendant "engaged in misleading conduct upon which the plaintiffs detrimentally relied in abstaining from

---

[101] Def.'s Ex. 4 at 7 (emphasis added).
[102] *See id.*
[103] *See id.*
[104] *See* Compl. ¶¶ 19, 21 (admitting Defendant denied Plaintiffs' December 7, 2021, claims: (i) "[Defendant] has maintained their position **denying** the December 1, 2021[sic] claim" (ii) "[Defendant] **denied** the Plaintiffs' claim for damages") (emphasis added).
[105] *See* Pls.' Resp. ¶ 12 ("[T]he letters state that [the Policy] was canceled. . . and no coverage is available.").
[106] *See id.* ¶¶ 7-14.

15

filing [] suit within the limitations period."[107] A plaintiff asserting estoppel must show "ignorance of the truth" was reasonable.[108]

The Andersons' alleged reliance is unreasonable because State Farm including an inapplicable provision did not modify the Policy between the parties.[109] The Andersons assert they relied on two of the three letters sent by State Farm referencing a different Policy's suit limitation provision.[110] A notice providing conflicting information could be defective.[111] Despite being inapplicable, the two-year provision from the CA Letter expired before the Andersons filed their Complaint—the period began to run on December 8, 2021 and expired on December 8, 2023.[112] Moreover, the Andersons could have identified the provision referenced in the CA Letter as not being from their policy.[113]

The Andersons' claimed reliance is also unreasonable because the Policy, the CA Letters and the DE Letter all state that a "one year period" applies.[114] The CA Letters each reference the "one-year period" four times.[115] The DE Letter states the one-year suit limitation period applies

[107] *See Williamson v. New Castle Cnty.*, 2002 WL 453926, at *4 (Del. Ch. Mar. 13, 2002); *see also First Fed. Sav. & Loan Ass'n of New Castle Cnty. v. Nationwide Mut. Fire Ins. Co.*, 460 A.2d 543, 545 (Del. 1983); *Wilson v. Am. Ins. Co.*, 209 A.2d 902, 904 (Del. 1965) (denying estoppel of insurance coverage where plaintiff failed to show they detrimental reliance); *Farm Fam. Ins. Co. v. Conectiv Power Delivery*, 2008 WL 2174411, at *2 (Del. Super. May 21, 2008) ("If an insurer fails to provide written notice to the claimant, the tolling of the statute is mandated, and the insurer is estopped from raising the statute of limitations as a defense."); *McMillan v. State*, 2002 WL 32054600, at *3 (Del. Super. Sept. 19, 2002) ("An insurer who fails to comply with the notification requirements . . . is estopped from asserting the statute of limitations defense against the claimant.").

[108] *First Fed. Sav.*, 460 A.2d at 545–46.

[109] Def.'s Ex. 5 at 32 ("Waiver or Change of Policy Provisions. A waiver or change of any provision of this policy must be in writing by *us* to be valid. *Our* request for an appraisal or examination does not waive any of *our* rights.") (emphasis in original).

[110] *See* Def.'s Ex. 4 at 3, 5.

[111] *Cf. Hunter v. Dairyland Ins. Co.*, No. CIV.A. 05C-08-088RRC, 2006 WL 1816223, at *3 (Del. Super. June 23, 2006) ("[A] party will not be prejudiced by not receiving notice of a right that it does not have.").

[112] *See* Def.'s Ex. 4 at 3, 5 (indicating the notice was sent on December 7, 2021); *see also* Compl. at ¶ 1 (showing the Complaint was filed Aug. 15, 2024—more than two years after the notice letters were sent to the Plaintiffs).

[113] Def. Ex. 4 at 3, 5 ("Your policy contains the following provision concerning suits against State Farm[.]").

[114] *See generally* Def.'s Ex. 5; Def.'s Ex. 4.

[115] *Compare* Def.'s Ex. 4 at 4, 6 ("The one year period referred to does not include the time we take to investigate your claim."), *with* Def.'s Ex. 5 ("The one year suit limitation period is again running as of the date of this letter."). The above quotes are printed twice in succession for a total of four appearances.

to denied claims.[116] To rely on either of the State statutes provided, the Andersons would have to overlook the qualifying language that the Policy supersedes the statutes.[117]

## VI. CONCLUSION

For the reason set forth above, the Court **GRANTS** the Motion.

**IT IS SO ORDERED.**

September 19, 2025
Wilmington, Delaware

/s/ Eric M. Davis
Eric M. Davis, President Judge

cc:     File&ServeXpress

---

[116] Def.s' Ex. 5 at 7.
[117] *See generally id.*

17